JOHN, JOHN H., CASSIUS & EDWARD W. PECK *v.* JOSEPH H. WALTON.

[IN CHANCERY.]

*The rights of married women.   The Statute of* 1847, *( Comp. Stat.* 403 § 15,*) discussed and considered; and held constitutional.*

The statute in relation to the rights of married women, (Comp. Stat. 403 § 15,) provides that, " The rents, issues and profits of the real estate of any married " woman, and the interest of her husband in her right in any real estate, which " belonged to her before marriage, or which she may have acquired by gift, " grant, devise or inheritance, during coverture, shall during coverture, be ex- " empt from attachment or levy of execution for the sole debts of her husband; " and no conveyance made during coverture, by such husband, of such rents, " issues, and profits, or of any interest in such real estate shall be valid, unless " the same be by deed, executed by the wife jointly with the husband and ac- " knowledged by her, &c." *It was held* that this statute embraces all the rights in real estate which the wife shall acquire during coverture, as well as the rights in real estate, acquired by her before marriage.   And it was also *held* that the word " grant" applies to all conveyances by deed, which are not gifts.

Peck et al. *v.* Walton.

*Held* also that the statute applies to all future conveyances made by the husband, whether the coverture existed at the date of the statute or not.

*Held* also, that the statute cannot be regarded as having deprived the husband of any rights, which were not clearly subject to the control of the legislature; and that the legislature may at all times prescribe the mode of conveying property, and especially real property.

And where the statute declares certain conveyances of the husband's interest in the wife's land, as invalid unless the wife join, and the objection is brought to the notice of the court even by the husband himself, this court cannot pronounce a decree based upon the validity of such conveyance.

APPEAL from the Court of Chancery.

This was a bill of foreclosure predicated upon a mortgage, executed by the defendant, of land the fee of which was in the . wife of defendant, she not having joined with her husband in the deed. The defendant executed the mortgage since the statute of November, 1847.

*W. W. Peck* for plaintiffs.

I. The act of 1847, (Comp. Stat. 403 § 15,) is void, as impairing the obligation of the marriage contract. Defendant had acquired an absolute estate in the premises during coverture, which had become a complete estate by the courtesy, or contained the incidental right of such an estate. This estate was derived by the contract of marriage. The effect of the act of 1847, if it in terms embraces prior marriages, exempts the land from the contract and thus impairs the obligation of the wife under it. · *Sturges* v. *Crowninshield*, 4 Wheaton 197. *Ogden* v. *Saunders*, 12 Wheaton 281. *Brunswick* v. *Litchfield*, 2 Greenleaf 28.

II. If the act, treated as embracing cases of prior marriage, is not void, it is to be construed as prospective only. Unless the intent to *retroact is clear*, a statute will not receive such a construction, however explicit may be the terms. If the intent appears only from the letter, it will be controlled by the general presumption, if it is susceptible of a future operation.

1. The expression " sole debts," means his debts incurred before marriage, else the estate would during coverture be exempt from her debts incurred before marriage, and from his incurred during. coverture. In the former case the reason for charging him with

her debts would be violated ; in the latter, creditors would be deceived.

2. If this expression is to be taken literally, the statute is to be construed as not operating on a prior marriage, so as to affect a conveyance by the husband of his interest. 1 Kent's Com. 454–5 –6. *Lowry* v. *Keyes*, 14 Vt. 14. *Briggs* v. *Hubbard*, 19 Vt. 86. *Dash* v. *VanKleek*, 7 Johns. 477.

III. The act, as an exemption act, is to be construed strictly. *R*——— v. *Alton*, 5 Denio 119. The premises are not within the class specified for exemption. They were not acquired by *gift, grant, devise, or inheritance.* Grant is a conveyance of incorporeal hereditaments alone. 2 Bl. Com. 317, 4 Greenleaf's Cruise 51.

*L. B. Englesby* for defendant.

1. The act only increases the solemnities requisite to a valid conveyance of this class of real estate, and its operation is not to divest the husband of any rights he may have acquired previously to its passage, but only limits the exercise of them, and should be sustained against a conveyance of this character. Comp. Stat. 403 § 15.

II. The bill does not show that the defendant had issue born alive previous to the passage of the act of 1847, and if not, and such does not appear to be the fact, the court could not grant the complainants any relief against the defendant as tenant by the courtesy, even if they should be of opinion that he had any interest in the land to convey by this conveyance.

The estate did not vest in defendant at the time of marriage, but was acquired subsequent.

The rights of the plaintiffs were acquired subsequent to the passage of the act, with knowledge of it, and their rights must be subject to the provisions of it.

This act is similar to numerous other acts, whose constitutionality has never been questioned, exempting portions of property from attachment.

The opinion of the court was delivered by

REDFIELD, CH. J. This is a bill to foreclose a mortgage upon land, in which the wife held the estate in fee, and the husband an estate by the coverture; the mortgage being executed by the

husband alone, since the statute of the 15th November, 1847.

The statute in terms requires that in order to convey " the rents, issues, and profits (of) or any interest the husband may have in the real estate of the wife, which belonged to her before her marriage, or which she may have acquired, by gift, grant, devise, or inheritance during coverture, the deed shall be executed by the wife jointly with the husband and acknowledged by her," &c. The words of the statute are " no conveyance made, during coverture, by such husband shall be valid," unless executed as above.

I. It is urged that it does not appear in this case, that the mode of conveyance to the wife was such, as comes within the statute. But it might be replied to this, that the bill does not allege that the conveyance to the wife was made since the coverture, and as in pleadings presumptions resting upon equal force are to be determined against the pleader, we should conclude the conveyance was before the coverture, and that the land " belonged to her before marriage." But aside from this uncertainty, upon the face of the bill, we think it very apparent the statute was intended to embrace all rights in real estate, which the wife shall acquire during coverture. It would be a very nice, and as it seems to me, a very unintelligible construction to give the words of the statute, to limit the word "grant," to its narrowest technical import. It evidently was intended to apply to all conveyances by deed, which were not gifts.

II. It is urged, that as the words of the statute are general, the court should not give them a retrospective operation. That is no doubt, in general, a sound rule of construction, upon the ground, that it is not to be presumed the legislature intend to pass laws, affecting the force and validity of contracts, already in existence. This would have a very ready and natural application to this statute, so far as the class of contracts, directly named in the statute, is concerned. The words of the statute are " no conveyance made during coverture," without specifying whether made before or after the passing of the statute. But we should undoubtedly imply that the statute only applied to contracts or conveyances thereafter executed. The statute, had it in express terms extended to conveyances before made, would have been, so far, ineffectual, on account of its conflict with the United States constitution, restricting the states from passing laws impairing the obligation of con-

tracts. So too where the creditor's debt exists before the passing of the law, it is very probable he might be regarded, as having such an interest, in his debtors property, as a mode of collecting his debt by attachment and levy, that a statute depriving him of such right might be regarded, as an infringement of the contract. The New York courts have made some decisions upon this point, which have not been shown to the court, during the argument, and I would not undertake to state them from recollection. But we think this statute was intended to apply to all future conveyances made by the husband, whether the coverture existed at the date of the statute or not.

III. But it is claimed, that if the statute was intended to have this operation, it must be regarded as ineffectual, so far as married relations existed, at the date of the statute. To this it may be said, that a subsequent creditor acquires no such interest in the husband's vested rights in his wife's property, or future acquisitions, as to enable him to assert them, on behalf of the husband, or to base any rights of his own upon them. It is certainly not ordinarily true, that when one's incidental rights, in a subject matter of property even, are violated by a statute, in some particular, to which the party affected does not object, that creditors subsequent to the passing of the statute, can assert his rights in spite of him.

But we do not regard this statute as having deprived the husband of any rights, which were not clearly subject to the control of the legislature. The husband is not in any sense deprived of the estate, which he might have in any of his wife's property, or of the right to any estate in her prospective acquisitions. The statute only provides a special mode of conveying this particular estate. And of this no man can complain. The legislature may at all times prescribe the mode of conveying property, and especially real property. And whether they apply this provision to all estates, or only to particular estates, is of no importance. If the legislature should provide that no man should convey his real estate unless all his heirs capable of inheriting the estate joined in the conveyance, it does not occur to us that the statute could be regarded as void. If the subject matter is fairly within the range of legislative cognizance, a statute cannot be held void, on account of its apparent inutility, or indeed its positive absurdity. But we do not regard this statute, as coming under either of these

categories. The marriage relation is an important element in all political organizations, and as such has been regarded generally, in Protestant countries, as chiefly under the control of the legislative power, certainly so far as mere rights of property are concerned it ought to be so.

And where the statute declares certain conveyances of the husband's interest in the wife's land as invalid unless the wife join, and the objection is brought to the notice of the court even by the husband himself, we do not see how we could pronounce a decree based upon the validity of such conveyance.

The decree of the chancellor is affirmed.