A. B. McCLARY ET AL. v. WILLIAM BIXBY, Adm'r of the Estate
of ALFRED M. NEVINS, ET AL, App'ts.

[IN CHANCERY.]

*Homestead in Lands owned in Common.*

The provisions of the statute relating to homesteads. (Acts of 1855, No. 14,) are
sufficiently broad and comprehensive to include and establish a homestead
right in lands in which the housekeeper or head of the family is the owner
of an undivided share as a tenant in common with others.

And the provisions of the statute are adequate to ascertain and set out the
homestead right in cases where the title is thus special and limited.

The incumbrance of the homestead right is attached not to the land, but to the
husband's estate in the land; and his widow and minor children are entitled
to a full homestead right in his moiety or share in the common property.
The right does not attach to the whole of the real estate owned in common.

PETITION for the foreclosure of the equity of redemption on a
mortgage deed. The facts are fully stated in the opinion of
court.

*Wing, Lund* and *Taylor,* for the orators.

*Redfield & Gleason,* for the defendants.

KELLOGG, J. This is a petition for the foreclosure of the
equity of redemption on a mortgage deed executed by the
deceased intestate, Afred M. Nevins, to McElroy and Bass, the
petitioners, on the 30th of June, 1855, the condition of which
was to indemnify them against a certain promissory note of the
same date for four hundred dollars, executed and payable to
Joseph Reed, which was signed by the intestate and by the
petitioners as his sureties. The mortgage deed conveyed an
undivided half of a farm of land in Middlesex. From the petiton
and answers of the defendants, Harriet M. Nevins, the widow
of the intestate, and William Bixby, the administrator of his
estate, it appears that, at the time this mortgage deed was execu-
ted, the intestate owned one equal and undivided half of the farm
referred to in the mortgage deed, and that his wife, the defend-
ant Harriet M. Nevins, owned the other equal and undivided

half of the same farm; that the intestate and his wife were then residing, and that from that time until the death of the intestate, they continued to reside on this farm, and that, during all that time and at the time of his death, the intestate had no other real estate except his share or interest in this farm; and that, after the execution of this mortgage deed, he died, leaving the said Harriet M. Nevins his widow, and two minor children, Rosetta H. Nevins and Emeliza S. Nevins, both of whom were the children of the intestate by the said Harriet, his wife. No question is made but that the condition of the mortgage deed has been broken, and that the petitioners are entitled to a decree of foreclosure; but Mrs. Nevins by her answer insists that as the widow of the intestate she is entitled to dower in the estate mortgaged to the petitioners, and that she and her two minor children are entitled to a homestead in the same estate, and that the decree of foreclosure should operate only upon that part of the estate conveyed by the mortgage deed which would not be included within the limits of the homestead right on the setting out or ascertaining of those limits. It appears that the probate court for the district of Washington, on the application of Mrs. Nevins, appointed commissioners to set out her dower in the estate of the intestate, and also to set out to her and the two minor children of the intestate a homestead right in the same estate, and that the commissioners first severed and divided the equal and undivided half of the farm owned by the intestate from the equal and undivided half of the same farm which was owned by her, as directed by the statute, (Comp. St. p. 369, § 13,) and in this partition, an equal half of the dwelling house and outbuildings which had been occupied by the intestate and his family, was severed and set out as part of the moiety or share belonging to the estate of the intestate in the undivided property. The commissioners then proceded to set out the widow's dower and a homestead right from this moiety or share of the intestate as thus separated and ascertained, agreeably to her application and to the provisions of the second section of the act of 1855, relating to the homestead and widow's dower, (acts of 1855, No. 14,) and afterwards made a return of their doings in writing to the

probate court. After the appointment of these commissioners by the probate court, this case was heard before the chancellor on the petition and answers; and, on the hearing, the chancellor ordered that the same persons who had been appointed commissioners by the probate court to set out the dower and homestead right from the estate of the intestate as before mentioned should be appointed commissioners to set out of the estate of the intestate a homestead right for his widow and minor children, "of the value of five hundred dollars *in the undivided premises*,—that is, of the value of two hundred and fifty dollars in the undivided half owned by the said intestate at his decease,—to be set out when they set out dower and homestead under the order of the probate court." The commissioners, agreeably to this order of the court of chancery, on the same day and at the same time when they executed their warrant from the probate court, also set out a homestead right for the widow and children of the intestate of the value of two hundred and fifty dollars in his moiety or share in the undivided premises, so separated and ascertained as aforesaid, as directed by this order, and made return in writing of their doings under the order to the court of chancery. The chancellor thereupon made an order accepting this last mentioned report, and also a decree of foreclosure agreeably to the prayer of the petition, but, by its terms, this decree was "to operate only upon that part of the premises set to the estate of the intestate by the commissioners appointed by this court." From this order and decree the defendants appealed to this court, and the appeal was allowed by the chancellor.

The questions which have been presented for consideration on this appeal are (1.) whether the widow and minor children of the intestate are entitled to a homestead right out of his interest or share in a dwelling-house and lands appurtenant which, at the time of his decease, were occupied by him as a homestead, but were owned and held by him as a tenant in common with his wife; and, (2.) if they are entitled to a homestead right in such real estate owned by him and another person in common, whether this right should be considered to be attached to the whole of the real estate so owned and held in common, so as to

be capable of subdivision or apportionment in proportion to his share therein, or as attached only to his share therein, so that the full right should be set out from that share.

The homestead exemption is exclusively a creation of the statute, and, being humane in its character and policy, it ·is to be held as applying fairly to all such cases as are within the equity and spirit of the statute which established it. *True et al. v. Estate of Morrill,* 28 Vt. 672. The statute is undoubtedly defective and indefinite in its details, and many difficulties can be suggested in respect to·its application to particular cases ; but the power and duty of the court to accommodate the provisions of the statute to cases which ·they were obviously intended to cover, although not well suited to accomplish, has been repeatedly recognized. *Howe* v. *Adams,* 28 Vt. 541 ; *Keyes* v. *Hill,* 30 Vt. 759. The statute under which the exemption is claimed expresses in clear terms a purpose to exempt·from attachment, execution, or claim for the debts of the husband his interest in the dwelling-house and lands appurtenant, occupied by him as a homestead, to a value not exceeding five hundred dollars. (Comp. St. p. 390, § 1, *et seq.*) The essential condition to the existence of the homestead right is the actual personal occupancy by the husband or head of the family of a dwelling house and lands appurtenant as a homestead or family home. There is nothing in the nature or policy of the exemption which makes it any more applicable to property of which the husband or head of the family is the sole and absolute owner than to property in which he owns an undivided share as a tenant in common with others ; and the provision of the act of 1855, that after the homestead is set out· to the widow and minor children, " they shall be respectively seized of the same estate in such homestead as that of· which such housekeeper or head of a family should have died seized," strongly implies that it was the design of the statute to secure a homestead right in lands to which the title of the husband and father was limited and special. (Acts of 1855, No. 14, § 1.) The statute declaration of the exemption is sufficiently broad and comprehensive to include and establish a homestead right in lands in which the housekeeper or· head of the family is the

owner of an undivided share as a tenant in common with others, if the essential condition to the existence of the right is not wanting. The principal ground of objection alleged against the existence of a homestead right in such property is that the statute has made no provision for ascertaining and setting it out. We think that the provisions of the statute are adequate to ascertain and set out the homestead right which is claimed in this case; and the existence of the right claimed ought not to be affected by the consideration that the statute is defective in not making a suitable or adequate provision for some other case. The purpose of the exemption and the policy and design of the statute require the allowance of a homestead right in property owned by tenants in common, and we think that a homestead right in such property is fairly included within the statute declaration of the exemption. On the decease of the intestate, his widow was entitled to her dower, and she and his minor children were entitled to a homestead right in the dwelling-house and lands appurtenant, occupied by him as a homestead, if he died seized of any estate therein, whether as the sole and absolute owner or as a tenant in common with others. Under the provisions of the statute, the dower of the widow and the homestead right of the widow and minor children were to be set out by commissioners appointed by the probate court, and the order of proceeding by the commissioners was " first, to divide and sever the estate of the deceased from the estate with which it lies in common,"—second, to set out to the widow her dower,—and, third, to set out to the widow and minor children their homestead right. (Comp. St. p. 363, §§ 8, 9,—p. 369, §13 ; Acts of 1855, No. 14.) A partition and severance of real estate owned by tenants in common, when thus made, if accepted and established by the probate court, becomes binding on all interested ; and, in a case situated like this which is now under consideration, the power of the probate court under the provisions of the statute is, as we think, fully as adequate to ascertain and set out a homestead right for the widow and minor children, as it is to ascertain and set out the widow's dower, in such property. It is not necessary, therefore, to consider whether the court of chancery has power, by virtue

of its inherent and original authority, or under the provisions of the Act of 1860, (Acts of 1860, No. 36, § 2,) to ascertain and set out a homestead right in a case like this, or in a case in which no particular mode of proceeding for that purpose is pro- vided by the statute. That Act, by its express terms, is not applicable to any case in which it is made the duty of the probate court to set out the homestead; and this fact furnishes convinc- ing proof that the jurisdiction of the probate court over the sub- ject, if adequate for the purpose, was designed to be exclusive. We are aware that the rule of decision which we adopt in this case is not accordant with that adopted in the case of *Wolf & Davis* v. *Fleischacker*, 5 California 244, and in the case of *Rey- nolds et al.* v. *Pixley et al.*, 6 California 416; in which it was held that homesteads could not be carved out of, or exist in, lands held in joint tenancy or tenancy in common,—the ground of decision in each case being that the statute of that state provided no mode for the separation and ascertainment of the homestead in such a case. But in *Horn* v. *Tufts*, 39 N. Hamp. 478, it was held that if a husband conveys an undivided half of a homestead, on which he and his family have lived, to a third person, and his wife does not join in the deed, but the grantee enters into possession of his part, and the husband con- tinues to occupy the residue in common as his homestead, the homestead right becomes limited to the half so occupied; and in *Thorn* v. *Thorn*, 14 Iowa, 49, it was held that a tenant in common may claim and hold a homestead in his interest in the undivided premises. The rule of decision which we adopt in this case is sustained by these decisions of the courts of New Hampshire and Iowa on the same subject matter, and is, as we think, in harmony with the homestead policy, as well as with the equity and spirit of the statute.

The remaining question presented in this case is, whether the homestead right of the widow and minor children of the intestate was attached to the whole of the real estate which was owned by him and her as tenants in common in its entirety, or only to the moiety or share of the same which he owned and of which he died seized. This right of the widow and minor children is a

right to a homestead of the value of five hundred dollars, if the estate of the husband and father is large enough to allow of such a homestead being set out from it. The homestead right is a right to be set out of the estate of the husband or head of the family, and is treated as an exemption of so much of his estate as is included within it, for the benefit of his widow and minor children after his decease. It does not become a fixed and definite estate in the land until it is ascertained and set out. Before it is ascertained and set out, it is nothing more than a contingent or inchoate right,—a conditional lien or incumbrance—upon the title or estate of the husband in favor of his wife and minor children. *Howe* v. *Adams, ubi supra*; *Davis and Wife* v. *Andrews*, 30 Vt. 678. We think that it was intended by the statute that the lien or incumbrance of the homestead right should be attached to and limited by the interest of the husband in the common property, or, in other words, that it should be attached not to the land but to his estate in the land; and that his widow and minor children are entitled to a full homestead right in his moiety or share in the common property; and that there was no error in the proceedings in the probate court in allowing and setting out the homestead right in this case in accordance with this view of its extent and limits. The case of *Horn* v. *Tufts, ubi supra*, is a full authority in support of our conclusions in respect to this question.

The decree of the court of chancery in this case is reversed, and the cause is to be remitted to that court with directions to enter a decree of foreclosure in favor of the petitioners, to operate only upon that part of the mortgaged premises set to the share of the estate of the deceased intestate by the commissioners appointed by the probate court to set out dower and homestead therein from his estate which was not set out by said commissioners under their warrant from that court to his widow and minor children as a homestead,—the widow and minor children being, in our judgment, entitled to a full homestead right in the moiety or share of the premises belonging to his estate.