WILLIAM R. DANFORTH v. D. H. AND T. G. BEATTIE.

*Mortgage. Homestead. Attachment. Levy of Execution.*

A mortgage of a homestead, by a husband and wife, exempt from attachment, and other lands, is valid as to the homestead as [against the creditors of the husband, although the same may be void in respect to such other land.

A. and J. owned thirty acres of land in common, each with his family occupying a dwelling-house thereon as a homestead at the date of the execution of a mortgage of the entire premises by them and their wives, to W. *Held*, that A. and J. were each entitled to a homestead in said premises exempt from attachment and levy, and that by the mortgage and foreclosure of the same the homesteads vested in W., the mortgagee, even if as to the residue of the thirty acres the mortgage was fraudulent and void as to creditors.

W. after the foreclosure conveyed seven of the thirty acres to the defendants. The plaintiff thereafter extended and levied his execution against A. and J., upon fifty-five rods of said seven acres, including the dwelling-house occupied as a homestead by J. *Held* that this fifty-five rods, appearing to be of less value than $500, should be regarded as the homestead of J. although no homestead has ever been set out.

*Not decided* whether, the title of record being in W., the attachment, "*as the property of said defendants,*" of "*all the real estate in Brunswick,*" upon a suit in favor of plaintiff against A. and J., was sufficiently certain to create a valid lien.

*Not decided* whether the fact that one of the appraisers in levying an execution on real estate is *not* a freeholder is a fatal objection to the levy.

ACTION of ejectment, to recover the possession of 55 square rods of land, being part of lot No. 63 in the second division in Brunswick. Plea, the general issue. The plaintiff put in evidence the following record title :

1st. A judgment recovered before the Essex County Court, September term, 1865, in favor of said *W. R. Danforth v. A. W. & J. T. Moore*, for $301.01 damages, and $18.50 costs. This judgment was recovered upon three promissory notes given by said A. W. & J. T. Moore to said Danforth, dated Dec. 16, 1857.

The writ in said àction was dated Oct. 28, 1864, and was served on the 31st of the same October, by attaching " as the property of said defendants all the real estate in said town of Brunswick."

2d.   An execution dated Dec. 15, 1865, issued upon said judgment, and returnable to the March term of the Essex county court, 1866 ; and the return of A. Blodgett, indifferent person, to whom said execution was properly directed, dated Dec. 19, 1865, setting off upon said execution the premises claimed in this action.   Said execution and return were recorded in the clerk's office of Brunswick, Dec. 20, 1865, and in the office of the clerk of Essex county, March 20, 1866, and no objection was made, but the same were recorded in proper season, and said return was properly sworn to by said indifferent person.   Said indifferent person, among other things, returned upon said execution as follows :   " The said parties, their agents and attorneys, neglecting to choose appraisers to appraise the estate aforesaid, I applied to Wm. Stevens, a justice of the peace of the same county in which the estate lies, who, by law, may judge between said parties in civil causes, and who appointed J. D. French, D. S. Austin, and J. J. Johnson, three judicious and disinterested freeholders of the vicinity, in the same town in which said estate lies, to appraise the same ; which said appraisers, after being duly sworn by me, agreeably to law, did, on view of the estate above described, appraise the same," &c.

The defendants put in evidence the following record title :

1st.   A deed, J. D. French to said A. W. & J. T. Moore, dated May 31, 1855, of thirty acres of said lot 63, recorded June 2, 1855.

2d.   A mortgage deed from A. W. & J. T. Moore to Greenleaf Webb, dated July 30, 1858, of the above premises, recorded Aug. 7, 1858, conditioned for the payment of a judgment in favor of said Webb against the said Moores, for $3115.60 and interest annually, recovered before the Essex county court, March term, 1858.

3d.   The petition for the foreclosure of said mortgage in the name of N. H. Richardson against A. W. &. J. T. Moore, and a decree of foreclosure made at the March term of the Essex county court of Chancery, 1860, and no time was given by said decree for a redemption of said premises ; in which proceedings. said G. Webb claims to have been the plaintiff in interest.

4th.   A deed from G. Webb to the defendants, dated Dec. 3, 1864, of 7 acres of said lot 63, recorded December 9, 1864.

The defendants against plaintiff's objection were allowed to show by J. J. Johnson, one of the appraisers in the plaintiff's

set-off, on execution against said Moores, that he then owned no real estate in this state. It appeared upon his cross examination, that he was then in the possession and entire enjoyment of a farm in Brunswick, the title to which was in his father; that he occupied said farm under leave from his father, and without any agreement further than such leave or permission. It appeared that upon the 30 acres of lot 63, described in said deed of French to the Moores, and in said mortgage from the Moores to Webb, there were situated a saw-mill, boarding-house and barn, and other houses and buildings; that said 7 acres deeded by Webb to the defendants were a part of said 30 acres and included said boarding-house and barn; that the 55 square rods sought to be recovered in this action were a part of said 7 acres, and also included said boarding-house and barn; that J. T. Moore lived with his family in said boarding-house from about May 31, 1855, (the date of the deed, French to the Moores,) to about Dec. 3, 1864, (the date of the deed, Webb to defendants,) and that at the date of said mortgage of the Moores to Webb, J. T. Moore and family lived in said boarding-house and A. W. Moore and family lived in a house near said saw-mill, upon the premises described in said deed of French to the Moores, but not upon the premises described in the deed of Webb to defendants, nor upon the premises here in question; that Webb immediately after said decree of foreclosure in March, 1860, took possession of the premises described in the mortgage deed of the Moores to him, and J. T. Moore from that date to about the date of said deed, Webb to defendants, occupied said boarding-house as tenant of Webb. The defendants objected to the validity of the plaintiff's title for the following reasons:

1st. Because the premises sought to be recovered in this action were, at the date of said mortgage of the Moores to Webb, the homestead of J. T. Moore, and were therefore not subject to be taken and levied upon by the plaintiff, but it did not appear that any homestead was ever assigned, or in any way set out to either of the Moores in the premises conveyed by said mortgage deed, but it did appear that J. T. Moore, when he lived upon said premises, had no other homestead.

2d. Because said appraiser, J. J. Johnson, was not a freeholder, as required by the laws of this state.

3. Because the return of the attachment of the real estate of said Moores, upon the writ in favor of Danforth against them, is too general, indefinite and uncertain in its description of the estate so attached, and the deed of Webb to the defendant was dated and recorded before the plaintiff's levy upon execution was made. The plaintiff offered to show, that said mortgage of the Moores to Webb was made by said parties to defraud, delay and hinder the creditors of the Moores in the collection of their debts, and that Webb participated therein, and that said mortgage for that reason was void. The court, STEELE, J., presiding, *pro forma*, rejected the evidence, sustained the defendants' objections to the plaintiff's title, and ordered a verdict for the defendants, to which the plaintiff excepted.

*Burns & Heywood*, for the plaintiff.

*H. & G. A. Bingham*, for the defendants.

The opinion of the court was delivered by

PECK, J. The plaintiff's counsel claims that even if the premises in question were the homestead of G. T. Moore, at the date of the mortgage of A. W. & J. T. Moore, to Webb, which was prior to the plaintiff's attachment and levy against said Moores, the evidence offered to show that that mortgage was fraudulent as to the creditors of Moores, the mortgagors, ought to have been admitted. This is claimed on the ground that as that mortgage contained other lands and tenements, it would be void for fraud as to so much as was not embraced in the homestead, and consequently it would be void as to the homestead also. But we think that as the homestead was not attachable, the deed as to the homestead would not be void as to creditors, even if proved to be so as to the residue of the premises embraced in the deed. It is next claimed that the homestead is a personal privilege to the debtor and family, that can not be conveyed to his grantee by such deed, for his grantee to claim as exempt just such part of the premises conveyed as a creditor levies his execution upon. But the levying creditor can obviate this by causing the homestead to be set out when he makes his levy, as it is his duty to do. It would be no more embarrassing than if the debtor still owned the whole.

It is claimed that J. T. Moore, when he surrendered the premises to Webb, after Webb foreclosed his mortgage already mentioned, and thereafter occupied the homestead as tenant of Webb, thereby abandoned the homestead right, although he continued to occupy the homestead as such tenant. But as by the mortgage and foreclosure the homestead right, which was not attachable, vested in Webb, this abandonment or surrender to Webb does not aid the plaintiff.

We think, upon the facts appearing in the case, as A. W. Moore and J. T. Moore owned the thirty acres in common upon which were two or more dwelling-houses, and other buildings, and as each with his family occupied a dwelling-house upon the premises, as his homestead, at the date of the mortgage to Webb, that each at that time was entitled to a homestaed exempt from attachment and levy; and that by that mortgage and foreclosure those homesteads vested in Webb; even if, as to the residue of the thirty acres the deed had been proved fraudulent and void as to creditors. The seven acres deeded by Webb to the defendants is part of the thirty acres; and the 55 square rods and boarding-house and barn thereon embraced in the plaintiff's levy, and which he claims to recover, being the same occupied by J. T. Moore as his homestead, as already stated, we think this 55 rods and house and barn thereon should be regarded as the homestead existing at the date of the mortgage to Webb, although no homestead has ever been set out; it appearing to be of less value than $500. It was the duty of the plaintiff in making his levy to have first caused the homestead to be set out; and not having done so, but having levied upon what was obviously the homestead, he can not object to having it so regarded. The plaintiff claims title by virtue of his attachment upon his writ prior to the date of the defendants' deed from Webb, followed up by levy of execution on judgment recovered in that suit, made after the conveyance to the defendants by Webb. So that, however the other questions may be decided, if the plaintiff recovers, it must be upon the ground that his attachment on his writ was valid to create a lien; as the plaintiff did not offer to show that the defendants took their deed with notice of the alleged fraudulent character of the mortgage to Webb. If the plaintiff's attachment

on his writ was valid to create a lien, then when he subsequently made his levy he might make it regarding the title as it stood at the date of the attachment on the writ, at which time Webb was the owner of both homesteads ; and in that state of the title there would have been no difficulty in setting out two homesteads, and regarding the premises in question in this suit as one of them. If the plaintiff's attachment on his writ is so general, as is claimed on the part of the defendants, as not to create a lien, the plaintiff's title has reference to the date of his levy ; and consequently the plaintiff, in any view of the other questions in the case, can not recover, as his title was acquired subsequent to the defendants' deed from Webb, and no offer was made to show that defendants took their deed with notice of the alleged fraud in the mortgage to Webb. Had the title, or color of title, of record in the town clerk's office stood in A. W. &. J. T. Moore at the date of the attachment on the writ, as it did prior and up to the date of their mortgage to Webb, the attachment, " *as the property of said defendants,*" of " *all the real estate in said town of .Brunswick,*" would not have been invalid for want of particularity of description ; but as at the date of that attachment the title of record was in Webb, we are not prepared to say that that attachment was sufficiently certain to create a valid lien—but not deeming it necessary to decide this question, we express no opinion upon it. Nor do we deem it necessary to decide as to the objection to the plaintiff's levy, founded on the alleged fact that one of the appraisers was not a freeholder.

Judgment affirmed.