## Case No. 7,396.

JOHNSON v. MASON.

[3 Cranch, C. C. 294.] [1]

Circuit Court, District of Columbia. May Term, 1828.

## Case No. 7,397.

JOHNSON v. MAY et ux.

[16 N. B. R. 425.] [2]

Circuit Court, D. Vermont. Nov. 7, 1877.

WHEELER, District Judge. This is an appeal from a decree of the district court in bankruptcy, and has been heard by express request of the parties in the necessary absence of the circuit justice and the circuit judge, with the approval of the circuit justice, on bill, answers, replication, proofs, and argument of counsel. The defendants, husband and wife. built a house on land she had bargained for, at the price of four hundred and twenty-five dollars, and paid for in part from her separate means, and moved into it and occupied the premises for a homestead. Soon afterwards she paid the balance due for the land, and took a deed of it to herself. From a careful examination of the items of the cost of the house shown in evidence, which amount to three thousand and eighty-three dollars and thirty-eight cents, and having regard to the testimony of witnesses who have examined it since it was built, and estimated its cost and testified to the estimates, and to the liability to overlook items, probably nearly five hundred dollars should be added to which, in arriving at the true amount, the whole cost of the land and house is found to be four thousand dollars. Of this cost she furnished. including the payment for the land, from her separate property that came to her from her father's estate, directly about nine hundred and eighty dollars. He had received from her two hundred dollars of her separate property, under an agreement to return it to her, for which he had given her his note. and which he had in his hands at the time. He borrowed two hundred and twenty-five dollars, and secured payment of it by a pledge of a note that was her separate property, which has been paid by the maker of the note in part payment of it, which was used about building the house. And they raised, for the purpose of putting into the house, by a mortgage on the premises still outstanding, seven hundred dollars, and on a note of five hundred and fifty dollars, signed by both and a surety, about five hundred dollars, which note is still outstanding. These sums were used about building the house. The balance of the cost of the house, about one thousand four hundred dollars, he furnished from his own property that had no connection with hers.

The placing that property in the house on that land. and the conveyance of the land to her afterwards with his consent, operated to convey so much of his property to her. Bent v. Bent, 44 Vt. 555. When he placed the property there. he was so far insolvent that he had no right to convey any of the property that could be reached by his creditors away from them to her. He did not fully realize his condition. and she was not aware of it, but as a reasonably prudent man. he ought to have known that his property could not rightfully be taken for that purpose. The making it over to her in that manner was a fraud upon the rights of his creditors, and the title to it that she has got by it she holds as trustee for the benefit of the creditors. Bank of U. S. v. Lee, 13 Pet. [38 U. S.] 107; McLane v. Johnson. 43 Vt. 48. She did not. however, lose any right she had to what was otherwise her own property by the transaction. Bank of U. S. v. Lee, supra. He has since gone into bankruptcy. individually, and as a partner with

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reprinted by permission.]

another, and the orator is the assignee. A claim for the two hundred dollars she let him have has been proved against his estate by her, and one for the two hundred and twenty-five dollars by the maker of the note who paid it, for her benefit. This bill is brought to reach his property that went into the house, to recover it for the benefit of the estate.

It is objected in his behalf that he is not a proper party, because he has no interest, and that the bill should be dismissed as to him with costs. But the wife could not properly be sued alone. When the husband is not an adverse party, he should be joined with the wife in suits for or against her; when he is, a next friend should be. Porter v. Bank of Rutland, 19 Vt. 410. Here the wife is none the less a wife, nor he any less a husband, because he is in bankruptcy, and he is not an adverse party to her, and was therefore necessarily and properly joined with her. So much of the house and land as she paid for directly with her separate property according to the laws of the state, as administered in courts of equity, which must govern as to his property in this court as a court of equity, belongs to her as against the husband and his creditors, and of course as against the orator representing merely his creditors. Barron v. Barron, 24 Vt. 375; Clark v. Peck, 41 Vt. 145. The two hundred and twenty-five dollars came indirectly, but not less actually from her separate property, and so much of the house as that paid for belongs to her in the same way and for the same reasons. The letting him have the two hundred dollars by her did not create a debt that was like ordinary debts. After she let him have it, he had so much of her property in his hands with the mass of his. The note he gave her had no validity whatever as a note. Sweat v. Hall, 8 Vt. 187; 2 Story, Eq. Jur. § 1370. It was merely some evidence of the transaction, which created a trust rather than a debt. When he had put an equal or greater amount of property into the house and it had been conveyed to her, he had in effect returned the property, and if more, more with it, to her. If not, he had so much of her property in his hands, and she as much and more of his in hers, which would make like claims in favor of each against the other, that could, and under the bankrupt law should be set off against each other. Rev. St. U. S. § 5073. The claims of the orator rest upon the rights of the creditors under that law. The transaction was more than four months before the proceedings in bankruptcy, and not in fraud of that law, nor was it as to that amount of the property that he put into the house fraudulent in fact as to the creditors. But it extinguished her claim against him, and of course against the estate in the hands of the assignee, on account of this money or the note given for it, and that, and the one proved for her benefit on account of the two hundred

and twenty-five dollars also, should be released. These two sums make the amount of her separate property put into the house about one thousand four hundred dollars, and substantially equal in amount to his that he put in. The mortgage of seven hundred dollars is unquestionably a charge upon the premises. The loan on her note, signed by him also with surety, having been made for the purpose of being put into the house as her property, may be made so in favor of the holder of the note. Frary v. Booth, 37 Vt. 78. And probably in favor of the surety or the orator, if either should be compelled to pay it, or any part of it. The husband being in bankruptcy is not likely to pay it, but is likely to be discharged from it, and as between her and the orator it is just and equitable that it should stand as if actually made a charge upon the property, to be borne by the property. In this view, independently of any homestead right, she would hold the legal title to the premises, subject to the mortgage and this quasi charge, one-half for herself and the other half in trust for the orator, which half he would be entitled to have conveyed to him. But the husband had a lawful right, except as to existing creditors, to put not exceeding five hundred dollars in value into a homestead, that could not be reached by subsequent creditors. Gen. St. Vt. p. 451, § 1; Id. p. 452, § 7. And he had the same right to put not exceeding that value into an undivided part interest in homestead premises, that he had to put it into a whole interest. McClary v. Bixby, 36 Vt. 254; Danforth v. Beattie, 43 Vt. 138. And into premises to which others held the legal title, as well as into those to which he held it. Morgan v. Stearns, 41 Vt. 398. And especially into these premises belonging to his wife, in which he would have a life estate by the curtesy, issue of the marriage being born alive. Gen. St. Vt. p. 414, § 15. When he put his property into these premises he and his wife had the equitable, and the man afterwards her grantor, the legal title to them. There was no deed to him of his interest, the record of which could govern as to the time of acquiring it. The deed to his wife was not a deed of it towards him, for he rather parted with his rights than acquired any title by that deed. The premises became impressed with the character of a homestead when he moved into the house, for then they began to be used or kept by him as such. Gen. St. Vt. p. 451, § 1; Spaulding v. Crane, 46 Vt. 292. He then acquired a homestead right in the premises to the value of five hundred dollars, valid against subsequent creditors, but subject to the right to hold it of existing ones. Perrin v. Sargeant, 33 Vt. 84. The conveyance of this homestead interest to his wife, by letting it pass by the deed to her, was not fraudulent as to the subsequent creditors, for they could never have reached it if it had remained his. Keyes v. Rines, 37

Vt. 263; Morgan v. Stearns, 41 Vt. 398. Nor would it have passed to the orator by the deed of assignment to him, for their benefit. Rev. St. U. S. § 5045. But the transaction by which the property passed to the wife was inoperative as to the homestead right as against existing creditors, and the orator is entitled to recover it for them, if any there are that have claims against that estate in .his hands; the whole right if the claims of such creditors amounted to five hundred dollars at the time he acquired the homestead right. If not, to recover such part of it as the amount of such claims at that time is a part of five hundred dollars. The rest of the property that he put into the house, and which passed to the wife, having been put there and so passed in fraud of the rights of creditors generally, can be reached for the benefit of them generally, subsequent as well as then existing ones, there being no special exemption to apply to it. McLane v. Johnson, 43 Vt. 48. The orator is entitled to a decree for a conveyance in the right of the wife by her and her husband, according to the statute of the state, of an undivided one-half interest in the premises, leaving the whole subject to the mortgage and to the payment of the note of five hundred and fifty dollars, to be lessened by the amount of the homestead right that is exempt from the claims of the then existing creditors. He represents all the creditors interested in the estate, and is entitled to recover whatever any of them are entitled to have administered by him, and the only question here is as to what he is entitled to recover of the defendants, and not at all as to how it shall be distributed after it is recovered. It does not appear how many, if any, nor to what, if to any, amount there are creditors whose claims existed at the time the premises became a homestead, and have been or are to be proved against the estate, therefore an account of them must be taken before a final decree can be fully made up. The bill does not pray for any account, but it is framed for the recovery of the estate in the hands of the wife defendant, and as an account is necessary to ascertain how much she is entitled to retain, it may properly be had under these pleadings, although, ordinarily, there should be a special prayer for an accounting. Davis v. Smith, 43 Vt. 269, 48 Vt. 52.

These views as to the main question involved in the case have been submitted to the circuit justice and are approved of by him. The decree of the district court is reversed, and let a decree be entered that the cause be referred to John L. Edwards, Esquire, special master, to take an account of the debts, if any, proved or to be proved against the estate of Dennis E. May, in the hands of the orator as assignee thereof in bankruptcy, that existed when he commenced to occupy the premises in question as a homestead, and make report thereof; and on the coming in of his report, if it shall appear therefrom that such debts then amounted to five hundred dollars, that then the defendants in the right of the wife defendant, within thirty days, convey to the orator an undivided half of the premises, leaving the whole subject to the payment of the mortgage thereon and the note of five hundred and fifty dollars signed by the defendants, with surety, as if the whole payment thereof were charged thereon; and in case such debts amounted to less than five hundred dollars, that the defendants likewise convey that same interest, lessened by such proportion thereof as the deficiency bears to fourteen hundred dollars; and that they release all claims against said estate in favor or for the benefit of the wife defendant on account of the sum of two hundred dollars she let the husband have, and payment of the sum of two hundred and twenty-five dollars borrowed by him out of her note. With costs of this suit to the time of the decree in the district court to the orator, and costs of the appeal there and in this court to the defendants.