BEECHER, (WILBUR v.) See Case No. 17,-634.

---

## Case No. 1,226.

### In re BEEDE.

[19 N. B. R. 68; [1] 26 Pittsb. Leg. J. 172.]

District Court, D. Vermont. Feb. 8, 1879.

BANKRUPTCY—RIGHTS OF BANKRUPT— HOMESTEAD ESTATE IN EQUITY OF REDEMPTION.

The bankrupt's estate consisted in part of a farm on which he resided, which was subject to a mortgage. Under the laws of the state, he was entitled to a homestead exemption to the value of five hundred dollars. The farm having been sold free of such homestead right, *held*, that the bankrupt was entitled to a homestead of the full value of five hundred dollars in the equity of redemption, and that such sum should be paid to him out of the avails of the sale.

[In bankruptcy. In the matter of the determination of the homestead interest of Freedom D. Beede, a bankrupt, in the proceeds of a sale by the assignee of land, subject to a mortgage. Decree for bankrupt.]

WHEELER, District Judge. Part of the estate of the bankrupt consisted of a farm, on which he resided, worth four thousand five hundred dollars, subject to a mortgage of one thousand eight hundred dollars, out of which his homestead right, if he has any, and whatever it is, cannot be taken without detriment to the residue. The bankrupt law [of 1867, (14 Stat. 523,)] excepts out of the conveyance to the assignee, and leaves owned by the bankrupt, among other things, such property as is exempted from attachment and levy of execution by the laws of the state where the bankrupt resides to the amount so allowed by the laws existing in the year 1871. The laws of Vermont now, and in 1871 did, exempt the homestead of every housekeeper or head of a family, consisting of a dwelling-house, out buildings, and the land used in connection therewith, to the value of five hundred dollars, from such attachment and levy. The assignee has asked, and, with the consent of the bankrupt, had granted to him, leave to sell the farm free of the homestead right of the bankrupt, and leaving the avails of the farm after the sale subject to it. There is no question but that the bankrupt is a housekeeper or head of a family, nor but that the premises consisted of a dwelling house,

[1] [Reprinted from 19 N. B. R. 68, by permission.]

etc., so occupied as to come within the exemption. The only question is as to how the homestead right is affected by the mortgage. The laws of the state govern this question, and in such cases, where there is any question as to the construction of those laws, the construction given to them by the highest tribunals of the state is to govern. Their construction is as binding upon this court as the laws themselves are, and when such construction has been given, the sole province of this court, in that respect, is to ascertain what it is, and apply it. The construction given by the supreme court of the state to this homestead law has always and clearly been such as would give this bankrupt a homestead right in this farm to some extent. McClary v. Bixby, 36 Vt. 254; Morgan v. Stearns, 41 Vt. 398; Lamb v. Mason, 50 Vt. 345.

The only question is whether he is entitled to a homestead of the full value of five hundred dollars in the equity of redemption, or only to a homestead to the actual value of five hundred dollars in the buildings and land, subject to its proportionate share of the mortgage. If he is entitled to the former, he is entitled to five hundred dollars of the avails of the sail; if only to the latter, he is only entitled to five hundred dollars after it has borne its share of the mortgage, which is 18-45 of the value of the whole farm, and would absorb 18-45 of the homestead or of the five hundred dollars, its equivalent, and leave 27-45, or three hundred dollars. In McClary v. Bixby, [supra,] the supreme court of the state declared and held that the homestead right was a right to be set out of the estate of the head of a family, and was to be treated as an exemption of so much of his estate. That decision was steadily followed until that of Lamb v. Mason, [supra.] It has been claimed that it was not followed there. The law has not changed since 1871, if the decisions have, but has always been the same, and the latest construction must be taken here on this question to be the true one; so, if there is a change in the decisions, it must be followed. But the court there do not profess to make any change, and it is not to be presumed that they did unless it clearly appears that they did.

The estate of the bankrupt in this farm was his equity of redemption. According to McClary v. Bixby, and the cases which followed it, he was entitled to an exemption of five hundred dollars in value of it. In Lamb v. Mason the homestead had been set out in levying an execution upon the property including it, subject to a mortgage. The question was whether the part set out for a homestead should bear its proportion of the mortgage. The statute provided that, in making levies upon homesteads encumbered by mortgages, they should proceed the same as in the case of mortgages upon distinct parcels of land. It does not appear

from the report of the case how that requirement was carried out; and the statute, in providing for levies on land, makes no express provision for such a case. If the appraisers considered that, after the homestead should be set out, it would be a distinct parcel of the land, subject to its share of the mortgage, then, to give the debtor five hundred dollars in value of equity of redemption, they would appraise so much as would be worth five hundred dollars after it had sustained its share of the mortgage. That would seem to be a correct mode of procedure if one of two parcels, both subject to a mortgage, was to be set off. In the absence of any proof of how the levy was made, it may have been assumed that this was the way in which it was made. But, however that may have been, there is no question here as to how whatever homestead right this bankrupt had could be set out to him in levying an execution, nor of presumption as to how it may have been set out, as it has never been set out. The only question is as to the extent of his right, in whatever mode it might be maintained, presuming that in some way, whatever his right is, it could be maintained. The decisions were so many in number and so uniform that, in cases where there was no question as to the priority of debts, as there is none here, the homestead man was entitled to five hundred dollars in value of his estate or interest in the premises, that it is not to be presumed the court intended to vary their ruling when they did not say that they did, and it does not appear that they must have intended to do so. The result is that the bankrupt was entitled to five hundred dollars in value of his equity of redemption, and is entitled to five hundred dollars in money out of the avails of it.

Let an order issue to the assignee for the payment of five hundred dollars of the avails of the equity of redemption to the bankrupt for and on account of his homestead right.