### In re MARQUETTE.

(District Court, D. Vermont. July 10, 1900.)

BANKRUPTCY—HOMESTEAD EXEMPTION—VERMONT STATUTES.

Under the statutes of Vermont, as at common law, prior to Acts 1896, p. 34, a husband entitled to curtesy became vested with an estate for life in property conveyed to his wife; and such act, which provided that he should, on the death of his wife, be entitled to one-third in value of the property in fee, in lieu of curtesy, did not affect the life estates of husbands, which had previously vested. Also, under the statutes of the state, a husband is entitled to a homestead exemption, to the extent of $500 in value, to be allowed from the estate he holds in the property occupied by him and his family as a homestead, without regard to the value of the fee where his interest is less, and such homestead interest is subject only to debts contracted before its acquisition. *Held*, that the homestead right of a bankrupt in property occupied by him as a homestead, the title to which was conveyed to his deceased wife prior to 1896, dated from the time of such conveyance, and not from the taking effect of a devise to him of a life estate in the property made by the will of his wife.

In Bankruptcy.

Elmer Johnson, for bankrupt.
Emmet McFeeters, for trustee.

WHEELER, District Judge. This is a review, on a special report of the referee, of the setting out of a homestead to the bankrupt by the trustee. The statutes of the state (V. S. § 2179) exempt a homestead, used or kept as such, not exceeding $500 in value, together with the rents, issues, profits, and products thereof, from attachment and execution. It appears that the bankrupt was the husband of Susan Marquette, and they had children who might inherit lands from either. The premises in question were conveyed to her by deed recorded March 17, 1880, under which they had possession. She died in October, 1897, leaving a will by which she devised the use of the premises to him during life; and he was actually occupying them November 21, 1899, when the bankruptcy proceedings were commenced, although he had for a time been out of possession. By the common law and the state statutes, he became vested with an estate for his life at once in the premises,—as husband during their joint lives, and by the curtesy if he should outlive her. Co. Litt. 20a, 29a, 29b; 4 Kent, Comm. 27; Gen. St. Vt. c. 55, § 15; R. L. Vt. § 2229. A homestead right exists in such estate as the head of the family has in the premises, although less than a fee. 15 Am. & Eng. Enc. Law, 558; McClary v. Bixby, 36 Vt. 254; Danforth v. Beattie, 43 Vt. 138. A homestead in Vermont is liable for debts existing at the time of the recording of the deed by which it is acquired, and not for those accruing afterwards, although it is not always occupied as a homestead meanwhile. Lamb v. Mason, 45 Vt. 500; V. S. § 2186. This homestead in the estate for life of the bankrupt was acquired by the deed to the wife. The case shows no debts existing at that time. It is therefore as free from all debts as from any.

Since 1847 the rents, issues, and profits of the wife's real estate, and the husband's interest therein, have been exempt from his debts; and he could not make conveyance of them without her joining with him, but this did not deprive him of his interest as husband. Peck v. Walton, 26 Vt. 82. And it left the annual products liable for his debts. Bruce v. Thompson, 26 Vt. 741. In 1861 these products were made exempt, except for necessaries of the family or improvement of the real estate. R. L. § 2324. In 1884 an act was passed limiting a wife's personal property to her sole and separate use, and providing that neither her separate property, nor the rents, issues, income, or products thereof, should be subject to the disposal of the husband, or liable for his debts (Acts 1884, p. 119; V. S. § 2647); and in 1896 one providing that "when a man and his wife are seised in her right of real estate in fee simple, and the wife dies, the husband shall be entitled to one third in value of said estate in fee in lieu of curtesy." Acts 1896, p. 34. The act of 1884 was probably not intended to affect vested life estates of husbands, and would seem to be inoperative to devest them if it was. Peck v. Walton, 26 Vt. 82; Hitz v. Bank, 111 U. S. 723, 4 Sup. Ct. 613, 28 L. Ed. 577. The same considerations affect the act of 1896. It could not give this wife the power to dispose of the husband's curtesy by will. She could not will it to any one but her husband, for it was not hers, and her devise to him of the life estate he had before did

not affect the date of the acquisition of his title before in existence.

The premises are found to be of the value of $1,000, and that of the life estate of the bankrupt in the whole to be less than $500. At first it was supposed that the homestead, under the law, would extend to not exceeding $500 of fee value, and that when the right was less than a fee the qualified title would exist in that value of fee only. Such was the decision below in McClary v. Bixby, 36 Vt. 254. But that was reversed, and the homestead right was held to extend to not exceeding $500 in value of the right of the person entitled to the homestead. The same principle was applied in Danforth v. Beattie, 43 Vt. 138. Accordingly the bankrupt appears to be entitled to his life estate, as tenant by the curtesy, in the whole of the premises in question, against the claim of the trustee for any creditors. Life estate of bankrupt in whole premises set out as a homestead, free of all claims in bankruptcy proceedings.