LAURA BROWNSON· v. ZEPHANIAH HULL AND OTHERS.

The statute of 1797, which enacted that a conveyance of land to two or more persons should be construed to create a tenancy in common, and not a joint tenancy, unless otherwise expressly provided by the instrument of conveyance, did not apply to a conveyance of land to husband and wife.

The estate created by a deed of land to husband and wife is not, in legal contemplation, a joint tenancy; but approaches nearer to that than to a tenancy in common. Nor is such a deed, in a legal sense, a conveyance to two persons.

On the death of the husband the whole estate in the land so conveyed vests in the wife; and, if the creditors of the husband have levied upon it in his life time, as his property, she may recover it from them in an action of ejectment.

EJECTMENT for seventy three acres of land in Tinmouth. Plea, the general issue, and trial by jury.

The plaintiff claimed title by virtue of a deed of the premises, executed by Nathaniel Chipman, April 27, 1804, to herself and her then husband, John W. Brownson, and showed that her said husband died Nov. 20, 1824. To show that the defendants claimed under the same title with the plaintiff, she gave in evidence the levy of an execution in favor of James & Porter against her said husband, made March 4, 1807, upon the same premises as the property of her said husband, and a chain of conveyances from the said James & Porter to Zephaniah Hull, one of the defendants in this suit.

The defendants' possession being admitted, the plaintiff requested the court to charge the jury that she was entitled to recover the land in question as survivor of her husband. The defendants insisted that the plaintiff could not recover at all, unless she showed title to said land in Nathaniel Chipman.

The court refused to charge the jury as requested, but did charge them, that, by the deed from Chipman, the plaintiff and her husband became tenants in common of the land, and that the plaintiff was entitled to recover,—but only for an undivided moiety of the land.

The jury returned a verdict for the plaintiff for one undivided half of the land. Exceptions by both parties.

*C. Linsley* for plaintiff.

The only important question in the case is, what estate did Laura Brownson take in the premises at the death of her husband? We insist that she was entitled, as survivor, to the whole.

When real estate is conveyed to husband and wife, they do not take as tenants in common, nor as joint tenants; but the estate is peculiar, partaking of the leading feature of joint tenancies, in the *jus accrescendi*, and unlike such estates, in that they do not take by moieties. 2 Bl. Com. 182. Co. Lit. 187. *Moody* v. *Moody*, Ambl. 649. 4 Kent 358, 359. 16 Johns. 115.

But it is urged that our statute has so changed the law, that this is a tenancy in common. The 11th section of Chap. 15 of Slade's compilation, p. 176, is directed to the destruction of joint tenancies, which, it declares, are often created by reason of the parties not having a knowledge of the proper terms to create an estate in common. It then provides that conveyances to two or more persons shall be adjudged estates in common, and not estates in *joint tenancy.* The estate in question is not alluded to or hinted at in terms. " When land is deeded to two or more persons" must be understood to mean *two persons* in contemplation of law.

Neither does the estate in question come within the reason assigned for enacting that statute. The reason assigned is, that estates in common are more beneficial to this state, and consonant to the genius of republics. But it is not hinted that any republic can suffer seriously by permitting husband and wife to take the peculiar estate which the common law assigned to conveyances to them; nor is it very obvious how the state would be damnified by permitting the husband and wife to take, in such case, by survivorship.

*Pond* for defendants.

1. The case must be governed by the statute of 1797, [Sl. St. 176, § 11,] which provided that the grantees, in conveyances to two or more persons, should take as tenants in common, and not as joint tenants. The statute is remedial, and should be construed liberally.

It was intended to remedy the mischief resulting from the doctrine of survivorship, as is obvious from its whole tenor. This case, then, is embraced within its spirit, if not its letter.

2.   But it is objected that this was a conveyance to husband and wife, and that they are regarded as only one person in law. It is a sufficient answer to this, to say that the principle of the common law, by which the existence of the wife is regarded as merged in that of her husband, is a mere fiction.   Reeve's Dom. Relations 162, and cases cited.   It was never regarded in a court of equity, but her separate existence is there recognized in her " separate property, her separate contracts, and her separate suits."   In the courts of law in Connecticut and in this State the same rule has been adopted.   11 Conn. 337.   4 Vt. 343.   Reeve's Dom. Rel. 89.

3.   The exception of conveyances to husband and wife from the operation of this statute, made by the Revised Statutes,—Rev. St. 310, §§ 2, 3,—furnishes a practical construction of the former statute.   It shows that the legislature used words in the enacting clause, which, without the exception, would convert the interests of husband and wife, in conveyances to them, into tenancies in common, instead of leaving them joint tenancies.   4 Kent. 354.

4.   It is the policy of our law that all a man's property, not exempted by statute, shall be liable for the payment of his debts.   If the interest of Brownson was one solely in his own right, it was subject to be levied upon for his debts ; if he had a joint interest with his wife in the land, then such an interest would be transferred. Any other construction would allow a man to hold property wholly out of the reach of creditors.

5.   The case does not show that any of the defendants, except Zephaniah Hull, claimed under the same title as the plaintiff.   This fact could only dispense with the necessity of the plaintiff's showing title in her grantor, as far as Hull was concerned.   As to the other defendants, they are not shown to be in possession under the same title by which the plaintiff claims, and therefore, as to them, the plaintiff must either show them to be in under the same title by which she claims, or must show title in her grantor.

The opinion of the court was delivered by

ROYCE, J.   The extent of the plaintiff's right depends on the nature of her estate, acquired under the deed to herself and husband. If she took but the estate of a tenant in common with her husband, she has recovered to the extent of her right.   But if she took the

estate of a joint tenant with him, or an estate to which the *jus ac-crescendi* was incident, she is now entitled to the whole by survivorship.

There appears to be no doubt, that, by the common law, a con-veyance to husband and wife vests in them a peculiar estate, not corresponding with a tenancy in common, nor fully with a joint tenancy; but approaching much nearer to the latter than the former. It agrees with a joint tenancy in the distinguishing feature of survivorship, but differs from it in the entirety of title, as well as seisin, of each grantee in the whole estate; they have but one title, and each owns the whole. Joint tenants are said to be seized *per tout et per my,* which means that each tenant has a seisin of the whole, but a title only to his aliquot part. A further difference con-sists in the want of power in the husband or wife, without the oth-er's concurrence, to convey to any third person, and thus to sever the tenancy. Co. Lit. 187. 2 Bl. 182. *Doe* v. *Parrott,* 5 T. R. 654. 4 Kent's Com. 362.

But it is insisted that the law was altered in this state by the stat-ute of A. D. 1797, which enacted, that a conveyance to two or more persons should be construed to create a tenancy in common, and not a joint tenancy, unless the instrument of conveyance should expressly provide otherwise. That act was founded in a principle of policy in favor of the estate in common, as being more consonant to the genius of republics, which is generally recognized in this country. Statutes to the same effect, and expressly based upon this policy, exist in other states. Yet those statutes have been holden not to affect conveyances to husband and wife. As the policy in favor of destroying joint tenancies can have little or no application to this class of conveyances, courts have felt it to be their duty, in considering cases like the present, to expound these statutes according to the strict legal import of the terms used. Such a conveyance has accordingly been excluded from the opera-tion of the statute on two grounds; 1, because the estate created by it is not in legal contemplation an estate in joint tenancy, and therefore not the estate upon which the statute was professedly de-signed to operate; 2d, because it is not in a legal sense a convey-ance to two persons, but to those who, for this purpose, are ac-counted but one person in law. *Jackson* v. *Stevens,* 16 Johns.

110.  *Sutliff* v. *Forgey*, 1 Cow. 89.  *De Peyster* v. *Howland*, 8 Cow. 277.  *Shaw* v. *Hearsey*, 5 Mass. 521.  *Fox* v. *Fletcher*, 8 Ib. 274.  *Varnum* v. *Abbot;* 12 Ib. 474.  *Draper* v. *Jackson*, 16 Ib. 480.  We are disposed to follow these authorities, in preference to the one cited from Connecticut, which appears to proceed mainly upon general usage in that state.

The argument urged in behalf of creditors has the less weight, if, as we suppose, the estate is liable to attachment and execution at all times during the joint lives of the owners, subject, indeed, to uncertainty as to the value of the debtor's interest.  But such uncertainty attends every life estate, and most other defeasable or contingent estates.

. The result is, that, as the plaintiff has survived her husband, we consider her entitled to the whole tract of land, for which the action was brought.  This conclusion must lead to a reversal of the judgment below, without regard to the question, whether all the defendants were shown to be holding in subordination to the plaintiff's title.

Judgment reversed, and the cause remanded to the county court.