JOSEPH A. DAVIS *v*. DANIEL L. DAVIS AND *Trustee*, LEWIS HILL.

*Trust.   Husband and wife.   Trustee process.*

If real estate is conveyed to one as trustee for a man and his wife, and her heirs, the husband, upon the death of his wife, will take the benefit of the trust by survivorship, and the rents and profits received by the trustee, after the death of the wife, may be attached upon the husband's debts by means of the trustee process.

TRUSTEE PROCESS.   The following facts appeared from the trustee's disclosure:

In August, 1840, the defendant married Clarissa Bemis, then a widow with one child.   On the 21st of September, 1840, the said Clarissa bought a certain farm and paid for it with money which belonged to her before her marriage with the defendant; this farm was conveyed by the person of whom she purchased it, to Thomas Robinson, "in trust for Daniel L. Davis, and Clarissa, his wife, and to her, said Clarissa, and her heirs."   The *habendum* clause of the deed was as follows:  "to have and to hold, etc., to the said Thomas Robinson in trust to said Daniel L. Davis, and Clarissa

Davis, his wife, and to her, said Clarissa's heirs, for their own use and behoof forever."

Immediately after the execution of this deed, Robinson permitted the defendant to enter into the possession and occupancy of the farm without account, until 1850, when the defendant abandoned it. The defendant's wife, Clarissa, died in 1848, leaving four children, one by her former husband and three by the defendant, all of whom were living at the time of the trustee's disclosure. In 1851, Robinson petitioned the court of chancery for the appointment of another trustee of this property in his stead, on account of his increasing age and infirmity, and the court appointed Lewis Hill the trustee in this case, and decreed that Robinson should convey the property to him, to be held upon the same terms and conditions as it was then held by Robinson, which was accordingly done.

Hill, in pursuance of this decree and of the deed from Robinson, accepted the trust, and disclosed that the net rents and profits of the trust property received by him, amounted to eighty dollars, which he admitted to be in his possession, and which he was ready to pay over to any person authorized to receive it.

The county court, at the December Term, 1856,—UNDERWOOD, J., presiding,— adjudged the trustee chargeable, according to his disclosure, to which the trustee excepted.

*L. Adams*, for the trustee.

*J. Q. Hawkins*, for the plaintiff.

The opinion of the court was delivered by

BARRETT, J. The only question in this case is in relation to the liability of the trustee.

It seems that the widow Bemis, some years since, intermarried with Daniel L. Davis, the principal debtor; she having at that time one son by her first husband, and also possessed of some property, and that soon after her marriage she bought a farm of Daniel Davis, and paid for it out of funds which belonged to her before she married the principal debtor. The farm was conveyed to Thomas Robinson, in trust for Daniel L. Davis, and Clarissa Davis, his wife, and to her, the said Clarissa, and her heirs forever. The

*habendum* in the deed is to the said Thomas Robinson, *in trust to said Daniel L. Davis,* and *Clarissa, his wife,* and her heirs forever. The trustee, Hill, has, under an order of the court of chancery, succeeded to the trust created and vested in Robinson under the deed. The wife is dead, leaving heirs; and the question is whether upon the death of the wife, the trust survives to the husband during his life time, or goes directly, upon her death, to the heirs of the wife. If land is conveyed directly to husband and wife, they hold by *entireties,* and have not a joint estate, and upon the death of either of them, the whole estate goes to the survivor. This is settled law.

The same rule in relation to survivorship should prevail where a joint trust interest is given to husband and wife, and if this *trust interest* had been given to Daniel L. Davis and his wife for life, and to their heirs in fee, there could be no doubt the whole interest would go to the survivor for life; and we apprehend that the *trust* being for the husband and wife, and the heirs of the wife, can not alter the rule of survivorship between husband and wife. From the language used in the deed in the creation of the trust, it is manifest that it was not designed for the separate use of the wife during the coverture; and we can not infer from the deed *an intent* that the husband's interest should cease upon her death, in case he survived his wife.

The result must be, upon the disclosure, that the trustee has moneys in his hands belonging to the principal debtor, and the judgment of the county court is affirmed, with costs as to the trustee, and *pro forma* as to the principal debtor, without costs.