## TOWN OF CORINTH *v.* LOREN EMERY.

*Husband and wife.    Real estate owned jointly.    Debts of husband.*

A husband has no interest in either the fee or the usufruct of real estate deeded to himself and wife jointly, which can be taken in execution for his sole debts.

Ejectment to recover possession of certain lands in the town of Corinth. Plea, the general issue. Trial by court at the December term, 1890, Ross, Ch. J., presiding, upon an agreed statement of facts. Judgment *pro forma* that the plaintiff recover possession of the demanded premises with $50 damages and costs. The defendant excepts.

The premises in question were deeded to Loren Emery and wife in 1879, and had always been jointly occupied by them. In 1883 suit was begun against Loren Emery as surety on a collector's bond, and judgment subsequently obtained. An execution, predicated upon this judgment, was levied upon the premises and the same were sold thereon to the plaintiff. Still later, the premises not having been redeemed, a writ of possession was taken out, which was, on January 29th, 1889, served by "causing the said town of Corinth to have possession of all the within described lands and tenements." Both the defendants notwithstanding continued in the occupancy of the premises and this suit was brought for the possession.

*Smith & Sloane,* for the defendants.

A conveyance to husband and wife creates a peculiar estate by which they become seized of the entirety as one person. *Brownson* v. *Hull,* 16 Vt. 309; *Park* v. *Pratt & Riddle,* 38 Vt. 550; *Davis* v. *Davis,* 30 Vt. 440; *Baker* v. *Stewart,* 2 L. R. A. 434 and notes.

---

---

The husband is not entitled to the sole use during his life-time. *Hardenberg* v. *Hardenberg*, 18 Am..Dec. 371 and notes; *McCurdy* v. *Canning*, 64 Pa. St. 41.

*J. K. Darling* and *R. M. Harvey*, for the plaintiff.

A conveyance to husband and wife creates an entire estate which is held by them as one person. *Jackson* v. *Stevens*, 16 Johns. 110; 2 Kent Com. 132, 133; *Shaw* v. *Hearsey*, 5 Mass. 521, 523; *Fox* v. *Fletcher*, 8 Mass. 274; *Pray* v. *Stebbins*, 141 Mass.; *Brownson* v. *Hull*, 16 Vt. 309; *Davis* v. *Davis*, 30 Vt. 440; *Parks* v. *Pratt*, 38 Vt. 550; *Jackson* v. *Stevens*, 16 Johns. 110.

Of this estate the husband has the exclusive use during his life, and this interest may be taken in execution for his debts. *Brownson* v. *Hull et al.*, 16 Vt. 309; *Marburg* v. *Cole*, 49 Md. 402, 412-13; *Hemingway* v. *Scales*, 42 Miss. 116; *Ames* v. *Norman*, 4 Sneed 683, 691; *Ward* v. *Ward*, 14 Ch. D. 506; *Godfrey* v. *Bryan*, *Id*. 516.

TAFT, J., delivered the opinion of the court.

The plaintiff claims an interest in the demanded premises by virtue of a levy of, and sale upon, an execution in its favor against the defendant. The defendant's interest in the premises, at the time of the levy and sale, arose under a deed conveying the premises to himself and wife. It is conceded that the estate created by the deed was one by entirety. This estate, created by conveyance to husband and wife, is a peculiar one. The interest of the grantees is not joint, nor in common. The parties do not hold moieties, but take as one person, taking as a corporation would take; they have but one title; each is seized of the whole and each owns the whole. If one dies the estate continues in the survivor, the same as if one of several corporators dies. It does not descend upon the death of either, but the longest liver, being already seized of the entire estate, is the owner of it. One tenant

by entirety cannot sever the tenancy by deed, as a joint tenant can, for neither can alien so as to bind the other. Our statute of partition, R. L., s. 1275, does not extend to this estate; and a conveyance to husband and wife is expressly excepted from the operation of the statute, R. L., s. 1917, abolishing joint tenancies. If the husband be attainted, his attainder does not effect the right of the wife, if she survive him. Divorce *vinculo* does not destroy the estate, and the *jus accrescendi* takes effect, upon the death of the one first dying. As an illustration of the rule that there are no moieties between husband and wife and that they take as one person, it may be stated that when land is conveyed to husband and wife and a third person, the husband and wife take but a moiety, the third person taking a like moiety. The following citations may be referred to for authorities touching the characteristics of this estate: Co. Litt. 187; Bacon's Abr. Joint Ten. (B); 2 Cruise R. P. s. 35; 2 Bl. Com. 182; 4 Kents Com. 362; *Nichols* v. *Nichols*, 2 Plow. 483; Skinner 182; *Doe ex dem* v. *Parratt*, 5 Term 652; *Doe* v. *Wilson*, 4 Barn. and Ald. 303; *Dias* v. *Glover*, Hoff, Ch. 71; *Rogers* v. *Benson*, 5 Johns. Ch. 431; *Den ex dem.* v. *Hardenbergh*, 5 Hals. N. J. (Law) 42, and note in 18 Am. Dec. 369; *Taul* v. *Campbell*, 7 Yerg. 319; *Fairchild* v. *Chastelleux*, 1 Pa. St. 179; *Stuckney* v. *Keefe's Exrs.*, 26 Pa. St. 397; *McCurdy* v. *Canning*, 64 Pa. St. 39; *Wright* v. *Saddler*, 20 N. Y. 320; *Appeal of Lewis* (Mich.) 48 N. W. Rep. 580; *Chandler* v. *Cheney*, 37 Ind. 391.

The doctrine of survivorship in case of tenancies by entirety has been repudiated in Ohio and Connecticut. *Sergeant* v. *Steinberger*, 2 Ham. (Ohio) 305; *Phelps* v. *Jepson*, (Conn. 1769) 1 Root 48; *Whittlesey* v. *Fuller*, 11 Conn. 337. The Connecticut Court admits that it is the doctrine of the English law, and seems to base its decisions upon local customs and usage. The rule has been altered, in some respects, by legislation in the States of Iowa and Illinois.

The rule is recognized in Vermont, in *Brownson* v. *Hull*,

16 Vt. 309; is stated by Barrett, J., to be settled law, in *Davis* v. *Davis*, 30 Vt. 440; and cited approvingly in *Park* v. *Pratt*, 38 Vt. 545. The plaintiff insists that the defendant was entitled to the use, income and profits of the estate during his life, that he had a life estate in the property, and that it was subject to levy and sale upon an execution against him alone. Such undoubtedly is the common law. The husband, during his life, is entitled to the usufruct of the real estate belonging to his wife, and no doubt by that law, can convey such life estate, or encumber it, and it may be taken upon execution against him alone. This rule was in force in this state in 1844, when *Brownson* v. *Hull*, *supra*, was decided, and Royce, J., stated that he supposed the estate was liable to attachment and execution at all times during the joint lives of the owners; and by this we understand he meant, that the life estate of the husband could be taken upon his sole debts, but not so as to affect the right of the wife, should she survive him. But the Legislature soon enacted that the rents, issues and profits of the real estate of any married woman, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise, or inheritance during coverture, shall, during coverture, be exempt from attachment or levy of execution for the sole debts of her husband. Acts 1847, No. 37, s. 1. By a subsequent act, it was provided that the words, issues and profits, shall be construed to include all moneys and obligations arising from the sale of such real estate. Acts 1850, No. 22; and later the products of such real estate are in like manner protected. Acts 1861, No. 25. These provisions are embodied in our present statutes, R. L. ss. 2324-5. The plaintiff's counsel insist that these sections do not apply to an estate by entirety, but only to such real estate as may be owned by the wife separately. In this we think they are in error. Such an estate is the real estate of a married woman although her husband is joined with her in the title. It is the real estate of each. If the claim of the plaintiff

Corinth *v.* Emery.

is upheld, then the interest of the husband in his wife's right, in her real estate, is taken upon the sole debt of the husband. This would annul the statute. The estate of the wife and her husband's interest therein in her right, in the property in question, is protected from the husband's sole creditors by the sprit and letter of the statute. This construction has been given a similar statute in Indiana. *Davis* v. *Clark*, 26 Ind. 424.

If the conveyance of the premises in question to the defendant and wife, was a fraud upon the defendant's creditors, the latter must seek their remedy in some other action, and probably in the same manner they would be obliged to adopt in case the property had been conveyed to the defendant's wife, instead of the defendant and his wife jointly.

*Judgment reversed, and judgment for the defendant.*

Munson and Start, JJ., concur.