Elenora D. Curtis et al. *v.* John R. Simpson et al.

January Term, 1900.

Present : Taft, C. J., Rowell, Tyler, Thompson and Watson, JJ.

Opinion filed April 19, 1900.

*Real estate of wife—Marital rights of husband—"The wife's equity"*—A conveyance of real estate to a wife must contain specific words of

exclusion to shut out the husband from his marital rights in respect thereto, but a court of equity will provide a competent support for a wife from real property that comes to her in her own right, although under the terms of the conveyance to her it is not held to her sole use.

*Ante-nuptial agreement—Post-nuptial agreement—Equivalent facts—*Not only may an express ante-nuptial agreement, or an express post-nuptial agreement made upon sufficient consideration and for sufficient reasons, disembarass the wife from marital restraint in respect to the disposition of her real estate, but other facts may put the husband in the same relation to such real estate as an express agreement made before or after marriage, and give the wife, in equity, the right to charge it for her own benefit the same as if she were discovert.

*Non-existence of reasons for marital rights—Cessation of rights themselves—Conveyance by wife without joinder of husband—*In this case the husband's long continued separation from the wife, and total failure to support her, and his support by her, and other facts reviewed in the opinion, showed the reasons for the marital rights of the husband in his wife's real estate to have failed, and the rights themselves were held to have so far ceased as to permit the wife to give a deed of such estate, valid in equity, for the purpose of providing for her support without the husband's joining in the conveyance.

*Separate character impressed upon property by understanding and conduct—Settled rule as to personal property here held applicable to real estate—*In this case the wife had for many years exercised the sole and exclusive management and control of her real estate, without the assertion of any marital rights on the part of the husband, who had, in like manner, permitted her to give the deed in question, and the obligation of the grantee thereunder to support her to be fully carried out. In these circumstances the decision of the court would likewise result from the application to the real estate of the wife of the settled rule with respect to personal property which both husband and wife have treated as hers and as subject to her sole use.

CHANCERY. Heard on demurrer to the orators' bill. Bennington County, June Term, 1899, before *Munson*, Chancellor, who rendered a decree sustaining the demurrer and dismissing the bill. The orators appealed.

The bill was brought by Elenora D. Curtis and James D. Curtis, her husband, against John R. Simpson and Adelbert E. Simpson, and John T. Shurtleff, administrator of the estate of Martha Simpson, deceased.

The bill alleged that the deed considered in the opinion, given by said Martha Simpson to her daughter, the said Elenora D. Curtis, by its terms reserved to the grantor the occupancy and control, rents and profits of the premises conveyed during her life, and that the conveyance was in consideration or part consideration that said Elenora and her husband should henceforth render to the grantor such personal services, care, attention and nursing in sickness as should be necessary to promote her comfort and well-being and as were commensurate with her station in life. The bill further set out that from the time of the execution of the deed until the death of the said Martha, the orators performed on their part all the acts and things to be performed as the consideration or part consideration for the deed as above recited.

The bill also alleged that a further purpose of the said Martha Simpson in making the conveyance above referred to, was to provide something for the grantee, her daughter Elenora, out of the estate of the said Martha, which, as the bill alleged, she had already divided in great part between her other children.

The bill was brought to remove a cloud upon the title of the oratrix, Elenora D. Curtis, caused by the claims of the defendants that the said deed was null and void, to restrain the defendants from conveying or attempting to convey the real estate in question or any interest therein, and to have the said deed confirmed and established.

*Batchelder & Bates* for the orators.

*Charles H. Mason* for the defendants.

TAFT, C. J. The question in this case relates to the validity of a deed of real estate executed by Martha Simpson, of whose estate John T. Shurtleff, the defendant, is administrator. At the time of the execution of the deed, she had a husband, John R. Simpson, a defendant. The deed was given by the said Martha to her daughter Elenora D. Curtis, the oratrix. Adelbert E. Simpson, defendant, was the son of Martha, and claims that

the property conveyed, belongs to his· father as surviving husband of Martha, and to Martha's estate, for that under V. S. secs. 2209 and 2646, the conveyance from Martha to her daughter, at a time when Martha's husband was living, was void, upon the ground that John R. Simpson, the husband, did not join with his wife in the execution of the deed. Since the death of Martha, Adelbert has purchased the interest of John R. in the premises.

This is a bill in equity, and the oratrix claims that the deed was valid considering the purposes for which it was given, and that in equity, the deed will be upheld upon the ground that Martha, the mother of the oratrix, at the time of the execution of the deed had power to convey the estate for the purpose of her support; that the property was impressed with the character of separate estate.

It is not alleged in the bill that the property conveyed by Martha Simpson to the oratrix was, by the terms of the deed to her, held to her sole use. It was not made her separate estate by the terms of the conveyance, and it is a well settled rule that the instrument of conveyance must contain explicit words of exclusion in order to shut out the husband and his assigns from his marital rights. *Frary* v. *Booth*, 37 Vt. 87; *Hubbard* v. *Bugbee*, 58 Vt. 172; *Hackett* v. *Moxley*, 68 Vt. 210.

The husband may, by an ante-nuptial agreement, stipulate that property coming to the wife during coverture should be her separate property, subject to her exclusive disposal. Such agreement in equity will disembarrass the wife from any marital restraints in the disposition of it. And a post-nuptial agreement of a similar character made upon sufficient consideration (as, for instance, that the wife should support herself without calling upon her husband, if performed by the wife), and, as stated in the opinion in *Pinney* v. *Fellows*, 15 Vt. 525, "for sufficient reasons"·will, in equity, be held equally effectual.

A court of equity provides a competent provision for the support of the wife from property which comes to her in her own

right, although it is property that by the terms of the conveyance to her is not held to her sole use. This is what is called in the books, "the wife's equity." *Pinney* v. *Fellows* 15 Vt. 525; *Barron* v. *Barron,* 24 Vt. 375.

There was in this case no express, ante, nor post-nuptial agreement that the property of the wife should be held to her sole use, but the facts in the case put the husband in the same relation to this property as if there had been. It makes no difference in what way property belonging to a married woman is invested with the character of separate estate. If it is so held by her, in equity, she has power to charge it for her own benefit, the same as if she were discovert.

The reasoning of the court in *Frary* v. *Booth, supra,* 88 et seq., and *Hubbard* v. *Bugbee, supra,* requires us to hold that the property in question was held to the sole use of Martha.

In the case before us, the husband had not lived with his wife for more than thirty-eight years prior to her death; he had not, during all that time, sustained the relation of husband to her; he had not, for many years, furnished or provided anything for her maintenance or support, nor for her necessities of life. She, the wife, was old and infirm; she desired to provide a place for herself to live for her remaining days, she had managed her property during her life as she chose,—had provided for the maintenance of her husband during his life, and had given much of her property to her children other than the oratrix, and it does not appear that her husband had dissented from such control of the property, or in any manner had attempted to claim and exercise his marital rights in regard to it. He had permitted her to give away almost all her property, made no objection that is disclosed by the record to her making the contract in question, permitted the party with whom it was made to execute the contract and carry it out. In this manner the property became invested with the character of separate property, so that the wife had power to charge it with her support as if she were sole. It should be borne in mind that the right of the husband to the

property of the wife was given him in consideration of the obligation resting upon him by the marriage, to pay her debts, and maintain her and her children.   It is evident she had no debts to pay nor children to support, and for years he had neglected to provide anything for her maintenance.   The reasons for giving him a claim in her property not existing, his interest in the respect claimed should cease so far as to permit her to maintain herself, and acquire that support which he had failed to provide for her.   This rule which we apply to the real estate of the wife is the same which has been for many years applied to personal property held under such circumstances, that is,— when the parties treat personal property as that of the wife, such understanding is to be carried out and her conveyance of it is valid.   In this respect it has been held that her conveyance was good at law.   In *Richardson* v. *Morrill's Est.*, 32 Vt. 27, it was held that notes, taken for the wife's money, that were made payable to the husband, and were found among his papers, and inventoried as a part of his estate, belonged to the wife,—he not having exercised his marital rights in relation to the notes.   See also *Caldwell* v. *Renfrew*, 33 Vt. 213.   In *Willard* v. *Dow*, 54 Vt. 188, it was held that an understanding between husband and wife that the latter may hold her property, which would otherwise belong to her husband, to her sole use, may be implied from the fact that it had always been treated by them as hers, and her conveyance of such personal property to secure her support for life, was held valid in an action at law.

*The decree sustaining the demurrer and dismissing the bill reversed, and cause remanded.*