W. E. LAIRD, ASSIGNEE, *v.* FRED H. PERRY, EDNA A. PERRY
AND CHAS. F. LOWE.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START, WATSON and
STAFFORD, JJ.

Opinion filed August 21, 1902.

*Husband and wife—Estate by entirety—Rights therein of husband's assignee in insolvency—V. S. 2098, 2647.*

Real estate held by husband and wife jontly passes to his assignee in insolvency under V. S. 2098, subject to her right of homestead, if any, and her right of survivorship as tenant by entirety.

A deed of such property given by the husband alone, after the adjudication of insolvency, conveys nothing.

A mortgage of such property given by the husband and wife after such adjudication is valid as to the homestead and the wife's right of survivorship.

APPEAL IN CHANCERY.   Heard on a special master's report at the March Term, 1901, Washington County, *Watson,* Chancellor, presiding.   Decree, *pro forma,* dismissing the bill. The orator appealed.

The Perry Manufacturing Co., a partnership consisting of Fred H. Perry, Dean G. Kemp and Andrew J. Howe, and the individual members of the firm, were adjudged insolvent, and the orator was duly elected their assignee.   The bill is brought to determine the orator's rights in certain real estate then held by Perry and wife, jointly. . After the adjudication of insolvency, Perry and wife mortgaged the land to the defendant Lowe, and on the same day Perry conveyed the land by his sole deed to S. C. Shurtleff, and Shurtleff conveyed it to Perry's wife, Edna A.

*John H. Senter* and *Dillingham, Huse & Howland* for the orator.

The orator has a right to charge the right of survivorship existing in Fred H. Perry at the time of the insolvency proceedings, and he also has the right to charge the use and occupation, rents and profits of the real estate in question during the time of the joint lives of Fred H. Perry and his wife, Edna. This was the rule of common law as stated in *Corinth* v. *Emery,* 63 Vt. 505, which was decided in 1891, and wherein the court says: "These provisions are embodied in our present statutes, Revised Laws 2324-5."

How far the wife's property or its income shall be subject to the payment of the husband's debts, is a matter of legislative control as a part of the marriage relation.   *Niles* v. *Hall,* 64 Vt. 453; *Baker's Exrs.* v. *Kilgore,* 145 U. S. 487.

The law by which this case is to be determined is V. S. 2647, which repeals the sections of the Revised Laws above referred to, and which leaves an estate held by husband and wife by entireties as the common law left such estate. *Bennett* v. *Child,* 19 Wis. 362.

*H. C. Shurtleff* and *Geo. W. Wing* for the defendants.

The case of *Corinth* v. *Emery,* 63 Vt. 505, and the authorities there cited, fully settle the question that neither the fee nor the usufruct of real estate deeded to man and wife, jointly, can be taken in execution for the sole debts of the husband. *Baker* v. *Stewart,* L. R. A. 434; *Brownson* v. *Hull,* 16 Vt. 309; *Chandler* v. *Cheney,* 37 Ind. 391.

The powers of an assignee in insolvency are strictly limited by statute, and outside of the statute he has no greater powers as to these defendants than the individual creditors themselves. V. S. 2141-2.

WATSON, J.    Before and at the time of the filing of the petition in insolvency the real estate in question was held by the defendants, Fred H. Perry and Edna A. Perry, his wife, as tenants by entirety. It included their homestead. No claim is made that the property was thus held in fraud of creditors, but it is contended that, exclusive of the right of homestead and the right of survivorship in Edna A., the property passed to the assignee under the assignment to him of the estate of the debtor, Fred H., in the insolvency proceedings.

The assignment conveyed to the assignee all the estate, real and personal, of said debtor, except such as was by law exempt from attachment, and it vested in the assignee all the property of said debtor, real and personal, which he could have lawfully sold, assigned or conveyed, or which might have been taken on execution upon a judgment against him at the time of the filing of the petition.    V. S. 2096, 2098.

By R. L. 2324 the rents, issues and products of the real estate of a married woman, and moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in real estate which belonged to her before marriage, or which she acquired by gift, grant, devise, or inheritance during coverture, were during coverture, exempt from attachment or levy of execution for the sole debts of the husband, except that the annual products could be attached or levied upon for certain debts therein specified. In *Corinth* v. *Emery*, 63 Vt. 505, 22 Atl. 618, decided in 1891, upon which defendants rely, estates by entireties were held to be within the scope of the provisions of this section, and that the estate of the wife and her husband's interest therein, in her right, were protected from the husband's sole creditors.

By R. L. 2325 no conveyance made during coverture by the husband of such rents, issues, and products, or of an interest in such real estate, as are mentioned in section 2324, was valid unless the same was by deed, executed by the wife jointly with him. *Peck* v. *Walton*, 26 Vt. 82.

By the revision of the statutes in 1894, the law in this regard was repealed, unless it can be said that some of the provisions of those sections were retained in V. S. 2646 and 2647. The former section has no application to the case at bar. It provides only that a married woman shall not become surety for her husband's debts except by way of mortgage, nor convey or mortgage her real estate except by deed duly executed by herself and husband. The latter section provides that all personal property and rights of action acquired by a woman before coverture, or during coverture, except by gift from her husband, shall be held to her sole and separate use; and neither a wife's separate property nor the rents, issues, income and products of the same shall be subject to the disposal of her husband or liable for his debts. These provisions relate solely to the wife's sep-

arate property, and the rents, issues, income, and products of such property. *In Re Nelson's Will,* 70 Vt. 130, 39 Atl. 750. That case was an appeal by the testator's daughter and her husband from a decree of the Probate Court establishing the will. It was heard on motion to dismiss the appeal as to the husband on the ground that he improperly joined therein. The testator was the owner of real estate at the time of his death. It was contended in support of the motion that by V. S. 2647, the wife was vested with the right to hold all her real estate to her sole and separate use; while against it the contention was that this section related solely to personal property. It was held that any real estate which the wife might take as heir of the testator would not be her separate property, and that her husband would be entitled to the rents and profits of it during coverture. Hence that he properly joined in the appeal. To reach this decision it must also have been held that the rents and profits of such real estate were not within the provisions of that section of the statute.

The same section was recently under consideration in the United States District Court, WHEELER, Judge, in *Re Rooney,* 109 Fed. R. 601, a case in some respects very analogous to the one at bar. The question there was whether the products of the wife's land conveyed to her without limitation as to use, passed to the trustee in bankruptcy of her husband as a part of his estate. It was held that the land was not her separate property, and that the products thereof were a part of the husband's estate which passed to the trustee.

Nor is the case of *Niles* v. *Hall,* 64 Vt. 453, 25 Atl. 479, an authority to the contrary; for the only question therein raised or determined is the constitutional one of the power of the legislature to relieve the products of the wife's real estate from liability for the husband's debts previously contracted.

The wife's real estate, not her separate property, and the rents, issues, income, and products of the same, stand as at common law, and by it the husband's right of disposal must be determined. The rights of his creditors therein rest upon the common law together with the provisions of section 1814 of Vermont Statutes to which reference is again made further on.

An estate by entirety is held by the husband and wife as one person and under one title. The grant, gift, or devise creating the estate operates in such a manner as to give each the whole, and each is seised of the whole with a continuance of the estate in the survivor. *Corinth* v. *Emery, supra.* It is not her separate property, for she is without the essential characterizing feature of holding it to her sole use to the exclusion of the marital rights of her husband. *Frary* v. *Booth,* 37 Vt. 78; *Hackett* v. *Moxley,* 68 Vt. 210, 34 Atl. 949; *Curtis* v. *Simpson,* 72 Vt. 232, 47 Atl. 829.

In *Hackett* v. *Moxley,* the real estate in question was held by the wife in fee at the time of her marriage, but not as her separate property. It was held that at common law, by her marriage the husband took a freehold estate therein, and was entitled to the rents and profits during coverture. See, also, *In Re Nelson's Will,* above cited.

That the husband may convey such an estate by his sole deed, when there is no statute to prevent, is beyond question. *Knoppen* v. *Wooster,* Brayton, 50; *Bruce* v. *Thompson,* 26 Vt. 741. And the same stands charged with his debts and demands and may be taken in execution therefor, at the election of the creditor, unless the debtor, his agent or attorney, exposes and tenders personal estate sufficient to satisfy the execution and charges. V. S. 1814; *Mattocks* v. *Stearns,* 9 Vt. 326; *Hyde* v. *Barney,* 17 Vt. 280.

The rule of common law that the husband, by the marriage, acquires a freehold interest, during the joint lives of him-

self and wife, in all the real estate of which she was seised at the time, or may become seised during coverture, not to her separate use, is based upon the theory that the husband and wife are as one person in law, and that the husband contains within himself the entire legal existence of both.  Bacon says that when a woman "took husband, she had no separate property, but the whole power was lodged in the husband, and they were reckoned as one in interest; therefore the husband had the right of possession, and the wife the right of propriety; or, in other words, the husband was seised in the right of his wife." 3 Bac. Abr. Tit. Discontinuance.  This rule is equally applicable to estates by entirety as to those where the fee is in the wife alone.  By it he takes the possesion and usufruct of her real estate during coverture as marital rights, which rights are not diminished or abated by reason of his own interest in the same property as a tenant by entirety.  The two interests are from different sources, are distinct in nature, and neither is a restriction upon the other.

The husband has the right of possession and control of property so owned by himself and wife, for their joint lives, and he may convey, lease, or incumber it by mortgage for the same period.  It is also subject to attachment and may be taken on execution by his creditors.  In *Corinth* v. *Emery* it is said that "such an estate is the real estate of a married woman, although her husband is joined with her in the title. It is the real estate of each."  In the same way it is the real estate of the husband, and he owns it in his own right.  If he is considered as holding it in the right of his wife, he then has a freehold estate, which he holds in his own right as husband for his own life, paying no rents therefor.  Let it be either way, his estate is within the provisions of V. S. 1814, and subject to attachment and execution for his debts.  *Mattocks* v. *Stearns, supra; Brownson* v. *Hull,* 16 Vt. 309, 42 Am. Dec. 517; *Bruce*

v. *Thompson, supra.* The rights and powers of alienation in the husband, and of attachment and levy of execution in his creditors, are limited only by the wife's contingent right to the property or income by survivorship. This right she takes not as a new acquisition, but under the original limitation, and neither the husband nor his creditors can deprive her of it. It is laid down as an incident to such a tenancy that neither the husband nor wife can alien the estate without the consent and concurrence of the other, and that he cannot by his sole convey-ance devest her estate; but this means only that the husband cannot alien the estate so as to prevent the wife's taking the whole after his death, in case she survives him.

In *Washburn* v. *Burns,* 34 N. J. L. 18, it is said: "It is true that the husband cannot alien any part of the estate which he holds in the same right with his wife. To do that would be to sever its unity, and thus destroy its peculiar characteristics. The reason he cannot do this is because it would convert the estate into a tenancy in common, and defeat the right of sur-vivorship. But the husband has an interest which does not flow from the unity of the estate, and in which the wife has no concern. He is entitled to the use and possession of the prop-erty during the joint lives of himself and wife. During this period the wife has no interest in or control over the property. It is no invasion of her rights, therefore, for him to dispose of it at his pleasure. The limit of this right of the husband is, that he cannot do any act to the prejudice of the ulterior rights of the wife."

The principles here laid down are supported by our own decisions as far as they involve similar questions at common law. *Brownson* v. *Hull,* before cited; *Davis* v. *Davis,* 30 Vt. 440; *Corinth* v. *Emery,* before cited. And they are in accord-ance with the great weight of decisions from the courts of other States, except so far as they have been controlled by statutes.

*Wyckoff* v. *Gardener,* 20 N. J. L. 556, 45 Am. Dec. 388; *Pray* v. *Stebbins,* 141 Mass. 219, 55 Am. Rep. 462; *Bertles* v. *Nunan,* 92 N. Y. 152, 44 Am. Rep. 361; *Fairchild* v. *Chastelleux,* 1 Pa. St. 176, 44 Am. Dec. 117; *Barber* v. *Harris,* 15 Wend. 615; *Bennett* v. *Child,* 19 Wis. 362, 88 Am. Dec. 692; *Ames* v. *Norman,* 4 Sneed (Tenn.) 683, 70 Am. Dec. 269; *Hall* v. *Stephens,* 65 Mo. 670, 27 Am. Rep. 302; *Hiles* v. *Fisher,* 144 N. Y. 306, 43 Am. St. Rep. 762; *Buttlar* v. *Rosenblath,* 42 N. J. Eq. 651, 9 Atl. 695, 59 Am. Rep. 52; *French* v. *Mehan,* 56 Pa. St. 286; *Washburn* v. *Burns,* before cited.

There is nothing in the case touching the homestead which takes it out of the general provisions of the law upon that subject.

It follows, therefore, that, exclusive of the right of homestead and the right of survivorship in the wife as tenant by entirety, the property in question passed to the assignee by the assignment of the husband's estate under the insolvency law.

The deed given to Shurtleff by the husband alone subsequent to the assignment conveyed nothing. As to the homestead it was void,—*Martin* v. *Harrington,* 73 Vt. 198, 50 Atl. 1074,—and as to the right of survivorship in the wife, it was without force. Beyond this there was no property in the husband to convey. All else had passed to the assignee under the assignment.

Since Shurtleff took no property nor property rights under the deed to him, he conveyed none by his deed to the wife. The mortgage to Lowe, executed by both husband and wife, constitutes an incumbrance on the homestead and on the wife's right of survivorship, but beyond this it also is without force.

*Pro forma decree dismissing the bill reversed, and cause remanded with mandate that decree be rendered for the orator*

*according to the views here expressed. Let the costs below be there determined.*