R. W. FADDEN v. FANNIE E. FADDEN ET AL.

February Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 16, 1918.

*Husband and Wife—Joint Seisin—Property not Held to Sole and Separate Use of Wife—Execution.*

A married woman is not alone seized of real estate, conveyed to her by deed not made to her sole and separate use, as of her sole and separate property, nor is her husband alone seized of it, but the two are seized jointly in the wife's right, and as to such property the wife is under the common law disability.

The real estate of a married woman not held to her sole and separate use cannot be taken in execution against her.

APPEAL IN CHANCERY. Heard on bill, answers of the several defendants, and facts found by the Chancellor, in vacation after the September Term, 1917, Franklin County, *Stanton,* Chancellor. Decree for plaintiff. Defendants appealed. The opinion states the case.

*Elmer Johnson* for plaintiff.

Where real estate is held in the name of a married woman under a deed in common form, as in this case, or other instrument not setting apart the property to her sole and separate use, the respective rights of herself and her husband are determined by the common law, and the husband has a freehold interest therein. *In re Nelson's Will,* 70 Vt. 130; *Laird* v. *Perry et al.,* 74 Vt. 454; *Hubbard* v. *Hubbard,* 77 Vt. 73; *Dietrich* v. *Hutchinson,* 81 Vt. 160; *Rowley* v. *Shepardson et ux.,* 83 Vt. 167; *Bishop* v. *Readsboro Chair Mfg. Co.,* 85 Vt. 141; *Barrows* v. *Dugan's Estate,* 88 Vt. 441; *Citizens Bank* v. *Jenkins,* 91 Vt. 13.

The possession of property so held is the sole possession of the husband. *Bowen et ux.* v. *Amsden,* 47 Vt. 569.

P. S. 3037 does not empower a married woman to contract with respect to her property in which her husband has marital

rights. As to such property she is under the same disability as at common law. *Hubbard* v. *Hubbard,* 77 Vt. 73; *Dietrich* v. *Hutchinson,* 81 Vt. 160; *Rowley* v. *Shepardson et ux.,* 83 Vt. 167; *Barrows* v. *Dugan's Estate,* 88 Vt. 441.

The sole deed of the wife of such property is void. *Dietrich* v. *Hutchinson,* 73 Vt. 134; *Blondin* v. *Brooks,* 83 Vt. 472.

A sale on execution of any pretended interest in this property would create a cloud upon the title to the property, and equity will furnish a remedy against such an injury, and it will do this by preventing the cloud as well as by removing it. American Digest. Vt. Repts., Vol. 3, p. 6068; Note, 8 L. R. A. p. 729; Note, 10 L. R. A. p. 293.

A sale of lands under execution which would confer no title, and the only effect of which would be to cloud the title of others, will be enjoined. *Knightstown First National Bank* v. *Deitch,* 83 Ind. 133; *Grover* v. *Webber,* 72 Ill. 607; *Tribbetts* v. *Fore,* 70 Cal. 242; *Colver* v. *Phelps,* 130 Ill. 217.

*C. G. Austin & Sons* for defendants.

The wife's real estate, not set to her sole and separate use has been relieved from the common law marital rights of her husband. P. S. 3041; *Citizens Savings Bank & Trust Co.* v. *Jenkins,* 91 Vt. 13; *Fox* v. *Hatch,* 14 Vt. 340; *Dale* v. *Robinson et al.,* 51 Vt. 20; *Barber* v. *Root,* 10 Mass. 260; *West* v. *Laroway,* 28 Mich. 464.

MILES, J. This is a bill in chancery to enjoin the defendants from selling on execution the real estate of the plaintiff's wife. The execution issued upon a judgment recovered by defendants, C. G. & W. R. Austin, against the plaintiff's wife, for professional services rendered for her in the adjustment of matters between herself and the plaintiff. The wife acquired title to the real estate levied upon, by regular conveyance from the plaintiff. The deed conveying the land to her was not made to her sole and separate use, and in no way limited the plaintiff's marital rights, and he then had and still has the possession of the land so conveyed claiming his marital rights to the same. By a stipulation between the plaintiff and his wife, the suit was discontinued as to her and the trial was had with the other defendants.

The only claim made by the defendants, and considered by the court below, as stated by the chancellor in the record sent up to this Court, is that the levy, being made subject to the wife's homestead and the plaintiff's interest, is valid.    The defendants recognize the fact that the land is not the sole and separate property of the wife; nor could the defendants consistently claim otherwise in view of the holdings in *Reynolds* v. *Bean*, 91 Vt. 247, 99 Atl. 1013; *Barrows* v. *Dugan's Estate*, 88 Vt. 441, 92 Atl. 927; *Bishop* v. *Chair Co.*, 85 Vt. 141, 81 Atl. 454, 36 L. R. A. (N. S.), 1171, Ann. Cas. 1914 B, 1163; *Rowley* v. *Shepardson et ux.*, 83 Vt. 167, 74 Atl. 1002, 138 Am. St. Rep. 1078; *Dietrich* v. *Hutchinson*, 81 Vt. 160, 69 Atl. 661; *Hubbard* v. *Hubbard*, 77 Vt. 73, 58 Atl. 969, 67 L. R. A. 969, 107 Am. St. Rep. 759, 2 Ann. Cas. 315, and *In re Nelson's Will*, 70 Vt. 130, 49 Atl. 750.    The wife of the plaintiff was not alone seized of the real estate levied upon as of her sole and separate property, nor was the plaintiff alone seized of it, "but the two were seized jointly in her right." *Reynolds* v. *Bean, supra.* As to such property she is under the common law disability, and is not aided in that respect by any statute.    See the cases above cited, and *Laird* v. *Perry et al.*, 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340; *French* v. *Slack*, 89 Vt. 514, 96 Atl. 6, and *Citizens Savings Bank & Trust Co.* v. *Jenkins*, 91 Vt. 13, 99 Atl. 2503.

At common law a married woman could not make contracts binding herself and her property, and it is only by statute that she can now do so.    Her right at law to make contracts and bind herself and charge her property, being given by statute, is measured by the statute giving that right.    P. S. 3037 (G. L. 3521) is the only statute giving the right to take her property on execution and that statute limits the right to property which she holds to her sole and separate use.    The property levied upon not being held to her sole and separate use, was not subject to be taken on the execution in this case.

*The decree making the injunction perpetual is affirmed and the cause is remanded.*