JENNIE D. SARGENT *v.* GORDON J. PLATT AND MARION M. PLATT.

February Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 7, 1940.

*Wm. R. McFeeters* and *P. C. Warner* for the defendants.

*H. J. Holden* for the plaintiff.

SHERBURNE, J. This is an action against defendants, who are husband and wife, for a breach of covenant of seisin. In 1933 the plaintiff purchased of the defendants a rectangular lot in Highgate with a frontage of 50 feet and a depth of 60 feet. By the deed in question, dated April 2, 1934, a strip of land 10 feet wide and 60 feet deep, adjoining the above lot on the north, was conveyed, also another lot of land 60 feet wide, adjoining on the east side of the above lot combined with the 10 foot strip, and having depth of about 78 feet. Although the plaintiff claimed failure of title to a strip 10 feet by 138 feet along the entire north side of both lots, the court only submitted to the jury the failure of title to the above strip 10 feet wide by 60 feet deep. Verdict and judgment were for the plaintiff, to which the defendants excepted.

The first question briefed has to do with the right to maintain this action against the defendant Marion M. Platt. This question was saved by a number of exceptions, but it is only necessary to call attention to the exception to the overruling of her motion for a directed verdict. This motion set forth that

she and her husband were tenants by the entirety and that she had no sole and separate interest, and hence that she was unable to make a contract or covenant relative to the land conveyed which would be binding upon her personally.

In *Citizens Savings Bank & Trust Co.* v. *Jenkins,* 91 Vt. 13, 19, 20, 99 Atl. 250, hereafter referred to as the *Jenkins* case, it is shown by our cases that a husband has a freehold interest in the real estate of his wife, not held to her sole and separate use, and is entitled to its management and control and to the rents and profits thereof. This is also supported by later cases. *Reynolds* v. *Bean,* 91 Vt. 247, 99 Atl. 1013; *Fadden* v. *Fadden,* 92 Vt. 350, 103 Atl. 1020; *City of Barre* v. *Town of Bethel,* 102 Vt. 22, 27, 145 Atl. 410; *Roberge* v. *Town of Troy,* 105 Vt. 134, 142, 163 Atl. 770. The *Jenkins* case then goes on and says that "this doctrine applied at common law to an estate by entirety, and determined the marital rights of the husband in the real estate so owned by the wife, and the doctrine has been applied in this State when we have had no statute inconsistent therewith," citing *Corinth* v. *Emery,* 63 Vt. 505, 22 Atl. 618, 25 Am. St. Rep. 780; and *Laird* v. *Perry,* 74 Vt. 454, 52 Atl. 1040, 59 L. R. A. 340. Basing its conclusions upon *Corinth* v. *Emery, supra,* a case decided when a statute similar to that re-enacted by No. 45 of the Acts of 1902, now P. L. 3079, was in force, the *Jenkins* case holds: "Under our statutes in relation to the property of married women as they now are, and our holdings applicable to such statutes, a married woman holds as separate, or as is sometimes said in construing similar statutes, as her quasi-separate property, her interest in property of which she and her husband are tenants by entirety, and her estate so held is held to the exclusion of the common law marital rights of her husband therein."

Shortly after the decision of the *Jenkins* case, it was held in *Pope* v. *Hogan,* 92 Vt. 250, 256, 257, 102 Atl. 937, relative to tenants by entirety, that the husband has, during the joint lives of himself and wife, a freehold interest by which he takes the possession and usufruct of the whole property as marital rights, and that during this period the wife has no control over the property and no interest therein, except the right of homestead (if there be one) and the right of survivorship.

The conflict between these cases is unimportant to the decision of the present case because of No. 90 of the Acts of 1919, now a part of P. L. 3076. That act amended G. L. 3523, and after restating that a married woman may convey or mortgage by her separate deed the real estate of which she is seized in her own right to her sole and separate use, provided that ''A married woman may, by her sole deed, convey or mortgage and may manage and control any other real estate hereafter acquired by her, except that a homestead interest therein and the real estate of which she is seized jointly with her husband may be conveyed or mortgaged only by the joint deed of herself and husband.'' It is now certain that a married woman has a separate estate in property conveyed to herself and husband as tenants by entirety since the enactment of this statute, as it gives her the management and control of her interest therein.

As the defendants acquired their title as tenants by the entirety in 1925, the defendant Marion M. Platt had a right under P. L. 3074 to join in the covenant in question and she is equally liable with her husband for its breach. This group of exceptions is overruled.

The remaining exceptions have to do with the measure of damages and the sufficiency of the evidence to support more than nominal damages. As substantially the same question is raised in all of this group of exceptions we will confine our discussion to the exception to the charge.

After telling the jury that the case turned upon the relative amount ascribed to the strip of land 10 feet wide and 60 feet deep with respect to its relationship to the entire amount of the purchase, the court charged that when there is a total failure of title a plaintiff can recover the purchase price plus interest, but that, in the event of a partial failure, the jury should apportion between the part wrongfully conveyed and the part rightfully conveyed the ratio between the purchase price and the other elements that they think the plaintiff is entitled to receive; that they were to take into consideration all of the surrounding circumstances which may or may not add a particular value to the ten foot strip with respect to the whole, and concluded: ''It can be anything from zero to $150.00, depending upon the relationship and the value which you ascribe to that relationship

between the ten foot lot and the entire purchase.'' To this quoted part of the charge exception was taken upon the ground that there was no evidence that the strip in question had any special value.

From the whole charge it is clear that the court, although expressing it in different language, was following a rule which is stated in 15 C. J. 1321 as follows: ''The general rule for the measurement of the damages in case of failure of title to a portion of the land conveyed is that the vendee can recover only such part of the original purchase price as bears the same ratio to the whole consideration that the value of the land to which the title has failed bears to the value of the whole premises, such relative values to be ascertained as of the time of the conveyance instead of the time of trial, together with interest.'' This rule is stated somewhat differently in 14 Am. Jur., Covenants, Conditions and Restrictions, § 150, p. 581, as follows: ''The value of the land at the time of the conveyance, as measured by the purchase price, forms the basis for computing the proportionate loss. If the sale was for a gross sum without any specific valuation on any particular tract, then the deduction must be in proportion to the relative value, when taken in connection with the entire tract.''

The purchase price of the entire tract was $150.00, and the jury brought in for the ten foot strip, which was only a little over one-ninth of the entire tract, a verdict for $152.95. This represents a principal sum of about $115.00 plus interest. The exception raises the question of the sufficiency of the evidence to justify a verdict for any particular sum up to $150.00 as charged or, in connection with the exception to the overruling of the motion to set aside the verdict, a verdict for the amount brought in.

██ It appeared that plaintiff's fifty foot lot was on a ledge overlooking, but not abutting upon, Lake Champlain and that there was a cottage upon it. The purchase of the tract in question was for the purpose of gaining 10 feet more frontage, which could be graded and made into lawn in front, and a lot in back 60 feet wide extending to the road for a driveway and a garden and for the erection of a garage. All the evidence as to values was that the purchase price of the entire tract, which

covered the ten foot strip and the lot in back, was "dirt cheap" at $150.00; that the value of the 50 foot lot at the time of its purchase in 1933 and before the erection of the cottage was $150.00; that the value of both lots including the ten foot strip, before erection of improvements was $300.00; and that a ten foot strip all the way from the front of the 50 foot lot to the road, 138 feet, was worth $200.00. Because of plaintiff's claims that she was entitled to recover for this ten foot strip 138 feet long, no evidence was introduced relative to the value alone of the strip 10 feet wide and 60 feet deep on the north side of the 50 foot lot. There was no evidence as to the value of the lot in back without this ten foot strip. With the evidence of values standing thus a jury could not apply the rule of apportionment without speculation and conjecture, and that is insufficient foundation for a verdict. *Wellman, Admr.* v. *Wales,* 98 Vt. 437, 440, 129 Atl. 317; *Johnson* v. *Burke,* 108 Vt. 164, 169, 170, 183 Atl. 495, and cases cited. Under no circumstances did the evidence justify a verdict to the full amount of the purchase price as stated in the part of the charge excepted to, as that would necessitate a finding that the lot in back was entirely worthless, whereas it afforded space for the uses we have mentioned, which must have had some value. This exception is sustained.

*Judgment reversed and cause remanded.*