GEORGE GRANGER *v.* JOSEPH TREMBLAY.

October Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed November 4, 1942.

*H. J. Holden* for the defendant.

*John H. Webster* for the plaintiff.

STURTEVANT, J. This is a tort action in which the plaintiff had
a verdict and judgment below and the case is here upon the de-
fendant's exceptions. In his declaration the plaintiff alleges that
at about twelve-thirty o'clock A.M. on August 7, 1941, he was driv-
ing his automobile in a careful and prudent manner on the so-
called Gore Road in the town of Highgate. He was there "run into
and upon" by a horse owned by the defendant, which horse the
defendant had turned loose in the road and then and there know-
ingly, carelessly and negligently permitted it to run at large in said
highway, whereby the plaintiff's automobile was greatly damaged.
The declaration does not bring the case within the provisions of
P. L. 8241 because it does not state that the defendant permitted
the horse to run at large in the highway without the consent of
the selectmen of the town of Highgate.

At the close of all the evidence the defendant moved that a
verdict be directed in his favor upon the following grounds: (1)
The evidence fails to show any negligence on the part of the de-
fendant. (2) It appears from the evidence that the plaintiff was
guilty of contributory negligence.

Considered in the light most favorable to the plaintiff the jury could reasonably have found the following facts.

At about twelve-thirty o'clock A.M. on August 7, 1941, the plaintiff was driving his automobile in a northerly direction on the Gore Road in the town of Highgate. When near the defendant's residence he was travelling about forty miles per hour. There he saw a horse owned by the defendant loose and unattended on the travelled part of the highway. The lights on the plaintiff's car were on and complied with legal requirements but he did not see the horse until he was twenty-five or thirty feet from it. When first seen by the plaintiff the horse was directly in front of his car. The plaintiff was unable to do anything to avoid the accident and his car was in collision with the horse and the car was damaged to a considerable extent. Shortly after the accident the plaintiff saw two or three other horses belonging to the defendant in a field adjacent to the highway near the place of the accident. The gate leading from that field into the road was open. The plaintiff had seen that gate on other occasions and at such times it was usually open. Whether horses or other stock were in the field on those occasions does not appear.

There is no evidence tending to show how the horse happened to be at large in the highway or that the defendant then knew or should have known that it was there.

Neither is there any evidence that the horse which the plaintiff saw in the highway had been in the field with the other horses before the accident or as to how the gate happened to be open.

■ It follows that the allegations of negligence in the declaration are unsupported by any evidence and therefore it was error for the court to refuse to grant the defendant's motion on that ground.

The conclusion here reached makes it unnecessary to consider other questions mentioned in the briefs.

*Judgment reversed and judgment that the defendant recover his costs.*