## Selah Dailey v. Winston Lawson

[119 A2d 684]

November Term, 1955.

Present: **Jeffords, C. J., Cleary, Adams, Chase and Hulburd, JJ.**

Opinion Filed January 3, 1956.

*Pierce & Drown* for the defendant.

*Raymond L. Miles* for the plaintiff.

**Jeffords, C. J.** This is an action of tort in which the plaintiff had a verdict and judgment below and the case is here on the defendant's exceptions.

The material allegations in the plaintiff's complaint are, in substance, that when he was operating his automobile on a certain highway in the night time it was in collision with a horse owned by the defendant which was loose and unattended on the highway due to the negligent and unlawful acts and omission of the defendant. That it was the duty of the defendant to have the horse under his control and not at large in the highway and that the defendant knew and ought to have known that the horse was at large in the highway and that unless kept from the highway the horse was likely to cause damage and injury to persons and property.

The plaintiff moved to amend his complaint by inserting therein "That the defendant permitted said horse to run at large in said highway without the consent of the City Council of the City of Newport." Although it is not clearly shown, we will assume that this amendment was allowed. The purpose of the amendment was to bring the case within the provisions of V. S. 47, §7577. This section reads as follows: "A person who knowingly permits cattle, horses, sheep or swine to run at large in a public highway, or yard belonging to a public building, without the consent of the selectmen, shall be fined not more than $10.00 nor less than $3.00."

At the close of all of the evidence the defendant moved that a verdict be directed in his favor. One ground of the motion was that there is no evidence in the case showing that the defendant knew or ought to have known that the horse was in the highway. The court denied this motion and allowed an exception to the defendant to its action.

Viewed in the light most favorable to the plaintiff the jury reasonably could have found the following facts: The

horse in question and another owned by the defendant and some cattle owned by him had been in a pasture for some time previous to the time of the accident. This pasture was bordered on one side by State route 105 and on another by the highway known as the Alder Brook road. Between each road and the pasture there was a wire fence. The accident happened in the early evening of July 22, 1953 near the intersection of the two roads. The wires in the fence along the main road were slack, loose, and in some places crossed and fastened together. It was described by the plaintiff as a very poor fence. Another witness said he would not call it a good fence. The horse had escaped from the pasture and was in the highway to the knowledge of the defendant five or six weeks before the date of the accident. The defendant put the horse back in the pasture and this was the only time the defendant knew it had escaped from the pasture prior to the time of the accident. A witness testified that he had found the horse out of the pasture twice before during the summer of 1953 but that he could not remember he had told the defendant about it.

The defendant testified that when he put the horse back in the pasture and his other horse which was also out at that time that he noticed that the wire gate was down and pulled back and from footprints he knew that the horses came out through the gate. This gate apparently was in that portion of the fence along the Alder Brook road. Another witness testified that the night of the accident he went to this gate and saw that it was down. At the entrance of the Alder Brook road he noticed hoof prints in the highway leading toward Newport. The defendant testified that after the accident and on that night he went to the gate and found it down, that the wires in the gate were twisted, cut, or broken, and the top wire was unwound from the post and the gate was laid back. He also testified that as "the gateway is sod you couldn't see hoof prints, but at the shoulder of the road you could see where the horse had stepped from the sod up into the road and approached toward Newport."

The theory of the plaintiff's case apparently was that the horse escaped through the portion of the fence which was

along route 105, the main road so called, and that from the evidence tending to show that this part of the fence was poor and defective the jury reasonably could infer that the defendant knew or should have known that the horse could and would so escape and that in fact it did.

■ The mere fact of the poor condition of the fence would not warrant a finding by the jury that the horse escaped over or through that portion of the fence. Such a finding would then be based on conjecture or speculation which are insufficient foundations for a verdict. *Sargent* v. *Platt*, 111 Vt 185, 190, 13 A2d 195. This is especially so here as there was evidence tending to show that the horse escaped through the gate which for some unexplained reason was down on the night of the accident.

■ Before the jury could reach the question of whether the defendant was charged with knowledge that the horse was at large on the highway it was necessary for the plaintiff to introduce evidence which would warrant a finding that the horse escaped over or through the defective portion of the fence. This, as we have seen, he did not do. For this reason it is unnecessary to discuss at any length the question of whether there was any evidence tending to show knowledge of the defendant that the horse was at large or that he knew or ought to have known that it would be likely to escape over or through the defective portion of the fence. It is sufficient to say that there was no such evidence. See in this connection *State* v. *Clark*, 118 Vt 131, 134, 101 A2d 868. See also *Granger* v. *Tremblay*, 113 Vt 32, 28 A2d 696, a case with facts quite similar to those in the present case.

It was error for the trial court to deny the defendant's motion. This holding makes it unnecessary to consider the other questions briefed by the defendant.

*Judgment reversed and judgment that the defendant recover his costs.*